Scott Jacobs, SBN 81980
    sjacobs@reedsmith.com
Brandon Corbridge, SBN 244934
    bcorbridge@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514

Telephone:  213.457.8000
Facsimile:   213.457.8080

Attorneys for Defendant
SUR LA TABLE, INC.

FILED
CLERK, U.S. DISTRICT COURT

APR 2 5 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV11- 03522 MMM (JEMx)

AMANDA GEORGINO, an individual, on behalf of herself and all others similarly situated,

    Plaintiff,

    vs.

SUR LA TABLE, INC., a Washington corporation; and DOES 1 through 50, inclusive,

    Defendants.

Case No.: _____

**DEFENDANT SUR LA TABLE, INC.'S NOTICE OF REMOVAL**
**[28 U.S.C. § 1446(d)]**

[Removed from the Superior Court of California, County of Los Angeles, Case No. BC455406]

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

TO THE CLERK OF THE UNITED STATES DISTRICT COURT,

CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Sur La Table, Inc. ("SLT") hereby removes this action from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

## Procedural History and Timeliness of Removal

1.    On February 16, 2011, Plaintiff Amanda Georgino, purportedly on behalf of herself and all others similarly situated, filed a civil action in Los Angeles Superior Court entitled *Amanda Georgino v. Sur La Table, Inc., et al.*, Case No. BC455406 (the "State Court Action"). (*See* Complaint, attached hereto as Ex. A.)

2.    Service of process was completed on March 25, 2011. (Declaration of Scott Jacobs at ¶2, Ex. A.)

3.    This Notice of Removal is therefore timely. *See* 28 U.S.C. § 1446(b); Cal. Code Civ. Proc. § 415.30(c).

## Basis for Removal Jurisdiction

4.    The action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), for the following reasons:

5.    <u>Covered Class Action</u>. Plaintiff purports to bring the action on behalf of "an ascertainable statewide class consisting of all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction." (Compl. ¶23.)  While SLT denies the allegations of the Complaint and denies that its conduct violates California Civil Code section 1747.08, according to SLT's records, SLT had far in excess of 25,000 credit card transactions involving far in excess of 1,000 different customers between February 15, 2010 and February 16, 2011 in its California stores. (Declaration of Debbie Brownfield at ¶4.)  Based on this data, SLT is informed and believes there are a

DEFENDANT SUR LA TABLE'S NOTICE OF REMOVAL

1  minimum of 100 members of the putative class alleged by Plaintiff. *See* 28 U.S.C. §§
2  1332(d)(1) & (2), 1453(a) & (b).

3      6.    <u>Diversity</u>. The action satisfies the diversity requirements of CAFA, 28
4  U.S.C. § 1332(d)(2)(A). Plaintiff alleges that she is a resident of California and that
5  the class includes all persons in California, whether residents of California or
6  elsewhere, from whom Defendant requested and recorded personal identification
7  information in conjunction with a credit card transaction during the one-year period
8  preceding the filing of her class action complaint. (Compl. ¶¶8, 23, 32.) As of the
9  date the Complaint was filed in the Los Angeles Superior Court and as of the date of
10  this removal, SLT is a Washington corporation with its principal place of business in
11  the state of Washington. (Brownfield Decl. at ¶2.) Accordingly, pursuant to 28
12  U.S.C. § 1332(c)(1), defendant SLT is, and at all relevant times was, a citizen of
13  Washington state. *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010) (adopting
14  the "nerve center test," which locates a corporation's principal place of business in the
15  place "where the corporation's high level officers direct, control, and coordinate the
16  corporation's activities," "typically" the corporation's headquarters).

17      7.    The minimum diversity standard of CAFA is met as long as any one
18  defendant is a citizen of a state different than any plaintiff. 28 U.S.C. §
19  1332(d)(2)(A). The evidence presented with this Notice of Removal concerning
20  SLT's Washington citizenship alone is sufficient to establish minimum diversity when
21  combined with the allegation concerning Plaintiff's citizenship in the Complaint.

22      8.    <u>Amount in Controversy - Alleged Damages</u>. Plaintiff alleges that SLT
23  violated California's Song Beverly Credit Card Act, California Civil Code section
24  1747.08. (Compl. ¶33.) The Complaint alleges a single cause of action for this
25  violation. (*Id.* ¶¶30-33.)

26      9.    SLT disputes that it is liable to Plaintiff or to the putative class. A plain
27  reading of the Complaint, however, demonstrates that the amount in controversy
28  exceeds $5,000,000 for purposes of removal. The Complaint alleges penalties in

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  amounts of up to one thousand dollars ($1,000) per violation pursuant to California
2  Civil Code section 1747.08(e). (Compl. ¶33.)

3       10.    As demonstrated by the attached Declaration of Debbie Brownfield,
4  between February 15, 2010 and February 16, 2011, the time period covered by
5  Plaintiff's Complaint, SLT had far in excess of 25,000 credit card transactions in its
6  California stores.  (Brownfield Decl. ¶4.)  Thus, the amount in controversy in this
7  action exceeds $5,000,000. *See Korn v. Polo Ralph Lauren Corporation*, 536 F.
8  Supp. 2d 1199, 1205 (E.D. Cal. 2008) (where Plaintiff seeks the $1,000 maximum
9  statutory penalty under the Song Beverly Act, $5 million amount in controversy
10 requirement is met where there are at least 5,001 potential putative class claims).

11      11.    No CAFA Exclusions.  The action does not fall within any exclusion to
12 removal jurisdiction recognized by 28 U.S.C. § 1332(d) because SLT is not a citizen
13 of California, the state in which the action originally was filed, and no other exclusion
14 applies.

15            **The Procedural Requirements Have Been Met**

16      12.    Venue.  Venue is proper under 28 U.S.C. § 1441(a), which provides for
17 removal to the district court of the United States for the district and division
18 embracing the place where such action is pending.

19      13.    Pleadings and Process.  As required by 28 U.S.C. § 1446(a), attached
20 hereto as Exhibit A is a copy of all process, pleadings and orders served upon SLT in
21 the State Court Action.

22      14.    Notice.  As required by 28 U.S.C. § 1446(d), attached hereto as Exhibit B
23 is a copy of the Notice of Filing of Notice of Removal to Plaintiffs and the Clerk of
24 the Los Angeles Superior Court, County of Los Angeles, without exhibits, which will
25 promptly be served upon Plaintiff's counsel and filed with the Clerk of the Superior
26 Court of the State of California, County of Los Angeles, pursuant to 28 U.S.C. §
27 1446(d).

28

1    15.    <u>Consent to Removal</u>.  Consent to removal is not required under CAFA.

2    *See* 28 U.S.C. § 1453(b).

3    16.    <u>No Bond or Verification Required</u>.  Pursuant to Section 1016 of the

4    Judicial Improvements and Access to Justice Act of 1988, no bond is required in

5    connection with this Notice of Removal, and this Notice need not be verified.

6    17.    Based upon the foregoing, this Court has jurisdiction over this matter

7    pursuant to 28 U.S.C. §§ 1332, 1441 and 1453, and this action is properly removed to

8    this Court.

9                                          **Conclusion**

10    18.    By this notice, defendant SLT does not waive any objections it may have

11    as to improper service, jurisdiction, or venue, or any other defenses or objections to

12    this action.  SLT intends no admission of fact, law, or liability by this notice, and

13    reserves all defenses, motions, and pleas.  SLT prays that this action be removed to

14    this Court, that all further proceedings in the state court be stayed, and that SLT obtain

15    all additional relief to which it is entitled.

16

17    DATED:  April 25, 2011              REED SMITH LLP

18

19                                          By

20                                             Scott H. Jacobs
                                             Brandon W. Corbridge
21                                             Attorneys for Defendant
                                             SUR LA TABLE, INC.

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 4 -

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 16 2011

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
RUGENA LOPEZ

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SUR LA TABLE, INC., a Washington corporation;
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AMANDA GEORGINO, an individual, on behalf of herself and all others similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Los Angeles County Superior Court <br> Stanley Mosk Courthouse <br> Civil Division <br> 111 North Hill Street <br> Los Angeles, CA 90012 | **CASE NUMBER:** <br> *(Número de Caso):* <br><br> **BC 455406** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gene J. Stonebarger, Esq. STONEBARGER LAW, APC
75 Iron Point Circle, Suite 145, Folsom, CA 95630
Tel: (916) 235-7140 Fax: (916) 235-7141

| DATE: FEB 16 2011 <br> *(Fecha)* | Clerk, by _____ RUGENA LOPEZ, Deputy <br> *(Secretario)* *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   John Clarke

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Gene J. Stonebarger (SBN: 209461)<br>STONEBARGER LAW, APC<br>75 Iron Point Circle, Suite 145<br>Folsom, CA 95630<br>TELEPHONE NO.: (916) 235-7140    FAX NO.: (916)-235-7141<br>ATTORNEY FOR *(Name)*: Plaintiff Amanda Georgino | CONFORMED COPY<br>OF ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>FEB 16 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>KODEMA PEREZ |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES** |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| BRANCH NAME: |

| CASE NAME: AMANDA GEORGINO v. SUR LA TABLE, INC., et al. |
|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☒ Unlimited<br>Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount)<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 1811)* | | **BC 455406**<br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☒ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   - a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive

4. Number of causes of action *(specify)*: 4

5. This case ☒ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: February 15, 2011

Gene J. Stonebarger

_____   ►   _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2006] | **CIVIL CASE COVER SHEET** | American Legal Net, Inc.<br>www.USCourtForms.com | Cal. Rules of Court, rules 201.8, 1800–1812;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |
|---|---|---|---|

Gene J. Stonebarger, State Bar No. 209461
Richard D. Lambert, State Bar No. 251148
STONEBARGER LAW
A Professional Corporation
75 Iron Point Circle, Suite 145
Folsom, CA 95630
Telephone (916) 235-7140
Facsimile (916) 235-7141

Attorneys for Plaintiff and the Class

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 16 2011

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
RUGENA LOPEZ

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

BC 455406

| | |
|---|---|
| AMANDA GEORGINO, an individual, on behalf of herself and all others similarly situated, | CASE NO.: |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08** |
| SUR LA TABLE, INC., a Washington corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |

Plaintiff Amanda Georgino, on behalf of herself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff by and through her attorneys, as follows:

## I.   INTRODUCTION

1.      California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal identification information from a customer paying for goods with a credit card, and record that personal identification information upon the credit card transaction form or otherwise; (2) require as a condition to accepting the credit card as payment the cardholder to provide the customer's personal identification information which the retailer causes to be written, or

1

**CLASS ACTION COMPLAINT**

1. otherwise records upon the credit card transaction form or otherwise.[1]

2. 2. Defendant operates retail stores under the name Sur La Table throughout the United States, including California. Defendant is engaging in a pattern of unlawful and deceptive business practices by utilizing an "Information Capture Policy" whereby Defendant's cashiers both request and record personal identification information, in the form of zip codes, and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments. Defendant's acts and practices as herein alleged were at all times intentional.

3. On information and belief, Defendant uses the zip codes and additional information obtained from its customers' credit cards, including names and credit card numbers (or portions thereof) to obtain its customers' residential addresses. Defendant obtains these addresses with the help of third-party vendors such as Acxiom that maintain proprietary software and databases containing hundreds of millions of individual consumers' contact information. For example, Acxiom advertises its "Shopper Registration" software on its website claiming: "All you have to do is capture the shopper's name from a check or a third-party credit card at the point of sale and ask for the shopper's zip code . . . and Address Append takes the name, combined with the collected zip code, and matches them to Acxiom's [database]. Acxiom provides a match rate report that tells you how many addresses were matched and appended."[2]

4. Defendant does not disclose its intentions to its customers, and instead relies on the common misbelief of consumers that Defendant is using the zip code information to verify cardholders' identities similar to "pay-at-the-pump" gas station transactions where a zip code is required because there is no live clerk to verify identification. Defendant, however, is not using

---

[1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

[2] See www.acxiom.com/119441/fact_sheet_IB_TS_Shopper_Recognition_200707.pdf. Acxiom is but one of numerous third-party vendors that Defendant might use to obtain its customers' addresses.

2

STONEBARGER LAW
A Professional Corporation

1   zip codes to verify cardholders' identities during credit card transactions and the credit card

2   companies do not require zip codes to complete in-person "card present" credit card transactions.

3       5.   Plaintiff does not seek any relief greater than or different from the relief sought

4   for the Class of which Plaintiff is a member.  If successful, this action will enforce an important

5   right affecting the public interest and will confer a significant benefit, whether pecuniary or non-

6   pecuniary, on a large class of persons.  Private enforcement is necessary and places a

7   disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

8   **II.     JURISDICTION AND VENUE**

9       6.   Plaintiff is informed and believes that Defendant's principal place of business is

10  in California.  Defendant has accepted credit cards for the transaction of business throughout

11  California, including the County of Los Angeles, which has caused both obligations and liability

12  of Defendant to arise in the County of Los Angeles.

13      7.   The amount in controversy exceeds the jurisdictional minimum of this Court.

14  **III.    THE PARTIES**

15      **A.     Plaintiff**

16      8.   Plaintiff Amanda Georgino (herein referred to as "Plaintiff") is a resident of

17  California, and entered into a retail transaction with Defendant at one of Defendant's California

18  stores located in Los Angeles County.

19      9.   Plaintiff brings this class action against Defendant, pursuant to California Code of

20  Civil Procedure section 382, on behalf of herself and all persons in California from whom

21  Defendant requested and recorded personal identification information in conjunction with a

22  credit card transaction (herein referred to as the "Class").  Excluded from the Class are

23  Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in

24  which Defendant has a controlling interest, and the legal representatives, successors or assigns of

25  any such excluded persons or entities.

26      **B.     Defendant**

27      10.  Defendant Sur La Table, Inc., (herein referred to as "Defendant"), is a

28  Washington corporation.  Plaintiff is informed and believes that Defendant's principal place of

STONEBARGER LAW
A Professional Corporation

3

1   business is in California.  Defendant operates retail stores under the name Sur La Table,

2   throughout California, including stores in Los Angeles County.

3       **C.**    <u>**Doe Defendants**</u>

4         11.    Except as described herein, Plaintiff is ignorant of the true names of Defendants

5   sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore

6   sues these DOE Defendants by such fictitious names.  Plaintiff will seek leave of the Court to

7   amend this complaint to allege their true names and capacities when ascertained.

8       **D.**    <u>**Agency/Aiding And Abetting**</u>

9         12.    At all times herein mentioned, Defendants, and each of them, were an agent or

10   joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting

11   within the course and scope of such agency.  Each Defendant had actual and/or constructive

12   knowledge of the acts of each of the other Defendants, and ratified, approved, joined in,

13   acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the

14   benefits of said wrongful acts.

15         13.    Defendants, and each of them, aided and abetted, encouraged and rendered

16   substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the

17   Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and

18   substantially assist the commissions of these wrongful acts and other wrongdoings complained

19   of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized

20   that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct,

21   wrongful goals, and wrongdoing.

22   **IV.**    <u>**CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW**</u>

23       **A.**    <u>**Plaintiff's Contact with Defendant**</u>

24         14.    Within the last 12 months, Plaintiff went to Defendant's retail store located in Los

25   Angeles County, California.

26         15.    Plaintiff entered Defendant's store and proceeded to select a product from the

27   store that Plaintiff intended to purchase.

28   / / /

STONEBARGER LAW
A Professional Corporation

16.     After selecting the item, Plaintiff proceeded to the cashiers' section of Defendant's store to pay for the item selected through the use of a credit card.

17.     Defendant's employee saw that Plaintiff had selected products that Plaintiff wished to purchase from Defendant and, as part of Defendant's Information Capture Policy, then requested personal identification information from Plaintiff in the form of Plaintiff's zip code, without informing Plaintiff of the consequences if Plaintiff did not provide Defendant's employee with Plaintiff's zip code.

18.     Plaintiff, believing that she was required to provide her zip code to complete the transaction, told Defendant's employee Plaintiff's zip code.

19.     Defendant's employee then typed and recorded Plaintiff's zip code into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

20.     Defendant's employee then proceeded to inform Plaintiff of the amounts due to Defendant for said product.  Plaintiff handed Defendant's employee Plaintiff's credit card, after which said employee proceeded to swipe, enter, and/or record the credit card number into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff. At this point in the transaction, Defendant has Plaintiff's credit card number, name and zip code recorded in its databases.

21.     Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise delete Plaintiff's personal identification information from the electronic cash register after Plaintiff's credit card number was recorded.

22.     Defendant's employee and Plaintiff completed the transaction and Plaintiff left Defendant's store with her purchased items.

## V.     PLAINTIFF'S CLASS ACTION ALLEGATIONS

23.     This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction (the "Class").  Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns

of any such excluded persons or entities.

24.    The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

25.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

26.    There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

27.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a.    whether each Class member engaged in a credit card transaction with Defendant;

b.    whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card transactions with Class members;

c.    . whether Defendant's conduct of requesting the cardholder to provide personal identification information during credit card transactions and recording the personal identification information of the cardholder constitutes violations of California Civil Code section 1747.08; and

d.    the proper amount of civil penalties to be awarded to Plaintiff and the Class.

/ / /

STONEBARGER LAW
A Professional Corporation

28.     Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

29.     Plaintiff can fairly and adequately represent the interests of the Class, she has no conflicts of interest with other Class members, and has retained counsel competent and experienced in class action and civil litigation.

## CAUSE OF ACTION FOR VIOLATIONS OF
## CALIFORNIA CIVIL CODE § 1747.08
## [SONG-BEVERLY CREDIT CARD ACT OF 1971]

30.     Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 29 of this Complaint.

31.     California Civil Code section 1747.08 prohibits any corporation, which accepts credit cards for the transaction of business, from requesting the cardholder to provide personal identification information which the corporation then records in conjunction with a credit card transaction.

32.     Defendant is a corporation that accepts credit cards for the transaction of business. During credit card transactions entered into at Defendant's stores on each and every day during the one-year period preceding the filing of this class action complaint through the present, Defendant utilized, and continues to utilize, an "Information Capture Policy" whereby Defendant's cashiers both request and record zip codes and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments.

33.     It is and was Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to every person who, while using a credit card, purchases any product from any of Defendant's stores in the State of California. Due to Defendant's violations as set forth herein, Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

/ / /

STONEBARGER LAW
A Professional Corporation

CLASS ACTION COMPLAINT

1  . WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

2  **PRAYER FOR RELIEF**

3  1.      That the Court certifies this action as a class action appointing Plaintiff as the

4  Class Representative and Plaintiff's counsel as Class counsel;

5  2.      For an award to Plaintiff and to each member of the Class the civil penalty to

6  which he or she is entitled under California Civil Code section 1747.08(e);

7  3.      For distribution of any moneys recovered on behalf of the Class of similarly

8  situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant

9  from retaining the benefits of its wrongful conduct;

10  4.      For an award of attorneys' fees as authorized by statute including, but not

11  limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized

12  under the "common fund" doctrine;

13  5.      For costs of the suit;

14  6.      For prejudgment interest at the legal rate;

15  7.      And for such other relief as the Court may deem proper.

16

17  Dated: February 15, 2011           STONEBARGER LAW, APC

18

19                                     By:_____

20                                        Gene J. Stonebarger
                                          Richard D. Lambert
21                                        Attorneys for Plaintiff and the Class

22

23

24

25

26

27

28

8

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Gene J. Stonebarger (SBN: 209461)
STONEBARGER LAW, APC
75 Iron Point Circle, Suite 145
Folsom, CA  95630
TELEPHONE NO.: (916) 235-7140      FAX NO.: (916)-235-7141
ATTORNEY FOR *(Name):* Plaintiff Amanda Georgino

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 16 2011

JOHN A. CLARKE, Executive Officer/Clerk
By _____ Deputy
RUBENA BIERI

RECEIVED
FEB 16 2011
ROOM 102

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME:

CASE NAME: AMANDA GEORGINO v. SUR LA TABLE, INC., et al.

| **CIVIL CASE COVER SHEET**<br>☒ Unlimited   ☐ Limited<br>Amount   (Amount)<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | **Complex Case Designation**<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER:<br>**BC455406**<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☒ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☒ is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 4
5. This case ☒ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: February 15, 2011
Gene J. Stonebarger
_____               ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
* Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
* File this cover sheet in addition to any cover sheet required by local court rule.
* If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
* Unless this is a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

American Legal Net, Inc.
www.USCourtForms.com

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

| SHORT TITLE: Georgino v. Sur La Table, Inc., et al. | CASE NUMBER **BC455406** |
|---|---|



FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 10 2011

Jenn A. Clarke, Executive Officer/Clerk
By_____ Deputy
RUBENA LOPEZ

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL  5  ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg.4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: Georgino v. Sur La Table, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | ①, 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Georgino v. Sur La Table, Inc., et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Georgino v. Sur La Table, Inc., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>6333 West 3rd Street |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90036 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the **Stanley Mosk** courthouse in the **Central** District of the Los Angeles Superior Court [Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)].

Dated: **February 15, 2011**

(SIGNATURE OF ATTORNEY/FILING PARTY)

| **PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:** |
|---|

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

1 | Gene J. Stonebarger, State Bar No. 209461
Richard D. Lambert, State Bar No. 251148
2 | STONEBARGER LAW
A Professional Corporation
3 | 75 Iron Point Circle, Suite 145
Folsom, CA 95630
4 | Telephone (916) 235-7140
Facsimile (916) 235-7141

5 | Attorneys for Plaintiff and the Class

6

7

8 | **SUPERIOR COURT OF CALIFORNIA**

9 | **COUNTY OF LOS ANGELES**

10

11 | AMANDA GEORGINO, an individual, on behalf of herself and all others similarly situated,

CASE NO.:  BC455406

12 | **CLASS ACTION**

13 | Plaintiff,

**NOTICE OF ENTRY OF ORDER RE: NON-COMPLEX DESIGNATION**

14 | vs.

15 | SUR LA TABLE, INC., a Washington corporation; and DOES 1 through 50, inclusive,

16 | Defendants.

17

18 | TO ALL INTERESTED PARTIES AND ATTORNEYS:

19 |   NOTICE IS HEREBY GIVEN that on March 4, 2011 the Court entered an Order in the

20 | above-entitled matter designating this case as Non-Complex.  A copy of said Order is attached

21 | hereto as Exhibit A.

22 | Dated: March 17, 2011

STONEBARGER LAW, APC

23

24 | By:

25 | Gene J. Stonebarger
Richard D. Lambert
26 | Attorneys for Plaintiff and the Class

27

28

STONEBARGER LAW
A Professional Corporation

EXHIBIT 'A'

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/04/11                                                          **DEPT.** 324

HONORABLE EMILIE H. ELIAS          JUDGE    A. MORALES           DEPUTY CLERK

HONORABLE                      JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR

NONE          Deputy Sheriff    NONE                       Reporter

8:30 am  BC455406                    Plaintiff
                                     Counsel
         AMANDA GEORGINO                        NO APPEARANCES
         VS                          Defendant
         SUR LA TABLE INC            Counsel

         NON-COMPLEX (03-04-11)

NATURE OF PROCEEDINGS:

COURT ORDER

This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge William F. Fahey in Department 78 at
Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 78 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 324 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 324 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.

            CLERK'S CERTIFICATE OF MAILING/
               NOTICE OF ENTRY OF ORDER

            Page   1 of  2   DEPT. 324

MINUTES ENTERED
03/04/11
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 03/04/11 | | | DEPT. 324 |
|---|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC455406 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | AMANDA GEORGINO | | |
| | VS | | |
| | SUR LA TABLE INC | Defendant Counsel | |
| | NON-COMPLEX (03-04-11) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
03-04-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 03-07-11

John A. Clarke, Executive Officer/Clerk

By: _____**KIN HILAIRE**_____
         K. HILAIRE

STONEBARGER LAW, APC
Gene J. Stonebarger, Esq.
75 Iron Point Circle, Suite 145
Folsom, Calfiornia  95630

Page   2 of  2   DEPT. 324

MINUTES ENTERED
03/04/11
COUNTY CLERK

STONEBARGER LAW
A Professional Corporation

**PROOF OF SERVICE**

I am a citizen of the United States and am employed in Sacramento County. I am over the age of eighteen (18) years and not a party to this action; my business address is 75 Iron Point Circle, Suite 145, Folsom, California 95630.

On March 17, 2011, I caused to be served the following document(s):

**NOTICE OF ENTRY OF ORDER RE: NON-COMPLEX DESIGNATION**

to each of the parties herein as follows:

Abraham Colman
Reed Smith LLP
355 South Grand Ave., Ste. 2900
Los Angeles, CA 90071

☒ **BY MAIL:** I caused such envelope(s) to be deposited in the mail at my business address, addressed to the addressee(s) designated. I am readily familiar with Stonebarger Law's practice for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

☐ **BY OVERNIGHT COURIER SERVICE:** I caused such envelope(s) to be delivered via overnight courier service to the addressee(s) designated.

☐ **BY FACSIMILE:** I caused said document to be transmitted to the telephone number(s) of the addressee(s) designated.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Folsom, California on March 17, 2011.

Yvonne Sabolboro

PROOF OF SERVICE

COPY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 25 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. El LaFLEUR-CLAYTON

1   Scott Jacobs, SBN 81980
          sjacobs@reedsmith.com
2   Brandon Corbridge, SBN 244934
          bcorbridge@reedsmith.com
3   REED SMITH LLP
    355 South Grand Avenue, Suite 2900
4   Los Angeles, CA 90071-1514

5   Telephone:   213.457.8000
    Facsimile:   213.457.8080
6
7   Attorneys for Defendant
    SUR LA TABLE, INC.

8                    SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF LOS ANGELES

10

11  AMANDA GEORGINO, an individual, on behalf       No.:BC455406
    of herself and all others similarly situated,
12                                                   **DEFENDANT SUR LA TABLE, INC.'S**
                          Plaintiff,                 **ANSWER TO CLASS ACTION**
13                                                   **COMPLAINT**
              vs.
14
    SUR LA TABLE, INC., a Washington
15  corporation; and DOES 1 through 50, inclusive,

16                        Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

*(left margin, rotated)* REED SMITH LLP
A limited liability partnership formed in the State of Delaware

---

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## ANSWER

Defendant Sur La Table, Inc. ("Defendant") hereby answers the Class Action Complaint filed in this action by Plaintiff Amanda Georgino, individually and on behalf of all others similarly situated (the "Complaint") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30, Defendant generally denies each and every material allegation set forth in the Complaint. Defendant also denies, generally and specifically, that Plaintiff has been damaged as alleged in the Complaint, or in any way at all, or that Plaintiff is entitled to any damages or relief whatsoever from Defendant, and further denies, generally and specifically, that Plaintiff is entitled to any of the relief prayed for in the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.      The Complaint fails to allege sufficient facts to state any claim for which relief can be granted to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

2.      The Complaint is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, Code of Civil Procedure section 340.

### THIRD AFFIRMATIVE DEFENSE

#### (Laches)

3.      The Complaint is barred by the equitable doctrine of laches because Plaintiff delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant.

### FOURTH AFFIRMATIVE DEFENSE

#### (Waiver)

4.      The Complaint is barred by the doctrine of waiver.

DEFENDANT SUR LA TABLE'S ANSWER TO CLASS ACTION COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

**FIFTH AFFIRMATIVE DEFENSE**

2

**(Estoppel)**

3    5.    The Complaint is barred by the doctrines of collateral and/or equitable estoppel.

4

**SIXTH AFFIRMATIVE DEFENSE**

5

**(Unclean Hands)**

6    6.    The Complaint is barred by the doctrine of unclean hands.

7

**SEVENTH AFFIRMATIVE DEFENSE**

8

**(Consent)**

9    7.    The Complaint is barred because Plaintiff voluntarily provided her zip code (if it was

10   provided at all).

11

**EIGHTH AFFIRMATIVE DEFENSE**

12

**(Lack of Standing)**

13   8.    Plaintiff lacks standing to assert the claims set forth in the Complaint.

14

**NINTH AFFIRMATIVE DEFENSE**

15

**(Injunctive Relief Improper)**

16   9.    Plaintiff's claim for injunctive relief is barred because such relief is available only in

17   an action brought by the Attorney General, or any district attorney or city attorney in the name of the

18   People of the State of California, as provided in Civil Code section 1747.08, subdivision (f), and/or

19   Plaintiff cannot make the requisite showings to obtain injunctive relief.

20

**TENTH AFFIRMATIVE DEFENSE**

21

**(Justification)**

22   10.   Each purported cause of action in the Complaint is barred by the doctrine of

23   justification.

24

**ELEVENTH AFFIRMATIVE DEFENSE**

25

**(Consistent with Law )**

26   11.   The Complaint is barred because Defendant's conduct was consistent with all

27   applicable law.

28

- 2 -

DEFENDANT SUR LA TABLE'S ANSWER TO CLASS ACTION COMPLAINT

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute Inapplicable)

12.     Defendant alleges as an affirmative defense on information and belief that Civil Code section 1747.08 does not apply to Defendant's alleged conduct with respect to one or more or all of the purported class members because Defendant's conduct was consistent with the exceptions set forth in subdivision (c) of Civil Code section 1747.08.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

13.     Defendant alleges as an affirmative defense on information and belief that it is not liable for any civil penalties with respect to one or more or all of the purported class members because any alleged violation of Civil Code section 1747.08 was not intentional and resulted from a bona fide error.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute Unconstitutionally Vague)

14.     Civil Code section 1747.08 is unconstitutionally vague because it fails to adequately define the conduct that is proscribed so as to provide Defendant with adequate notice of its legal obligations under the statute.  Enforcement of the statute against Defendant would, therefore, violate Defendant's rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutional Retroactive Application of Judicial Interpretation of Vague Statute)

15.     Plaintiff's request for retroactive application of the California Supreme Court's interpretation of Civil Code section 1747.08 in *Pineda v. Williams Sonoma*, California Supreme Court Case No. S178241 (decided February 10, 2011) violates Defendant's rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

DEFENDANT SUR LA TABLE'S ANSWER TO CLASS ACTION COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Statutory Penalties)

16.     Plaintiff's claim for statutory penalties violates Defendant's rights against excessive fines under the Eighth Amendment to the United States Constitution and Article I, section 17 of the Constitution of the State of California, and Defendant's rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Another Action Pending Between the Same Parties on the Same Cause)

17.     The Complaint is barred because there are currently two other class actions pending between the same parties on the same cause of action:  *Dardarian v. Sur La Table, Inc.*, United States District Court for the Northern District of California, No. C11-00948-CRB; *Georgino v. Sur La Table, Inc.*, Superior Court of California, County of Los Angeles, No. BC455406.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights and Additional Defenses)

18.     Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available in this action. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate, and also reserves any and all defenses applicable to any class member, in the event any court certifies any class in this or any related or consolidated action, and further reserves any and all defenses applicable to Plaintiff's qualifications or adequacy as the representative of any such class.

## PRAYER

**WHEREFORE** Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by reason of her Complaint;

2.     That no class be certified in this action;

3.     For its costs of suit herein;

4.     For its attorneys' fees according to proof; and

5.     For such other and further relief as this Court may deem just and proper.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT SUR LA TABLE'S ANSWER TO CLASS ACTION COMPLAINT

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DATED:  April 25, 2011

REED SMITH LLP

By
Scott H. Jacobs
Brandon W. Corbridge
Attorneys for Defendant
SUR LA TABLE, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT SUR LA TABLE'S ANSWER TO CLASS ACTION COMPLAINT

REED SMITH LLP<br>A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I, Rebecca R. Rich, declare as follows:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California. 90071-1514. On April 25, 2011, I served the following document(s) by the method indicated below:

### DEFENDANT SUR LA TABLE, INC.'S ANSWER TO CLASS ACTION COMPLAINT

☐ by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2.306.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| Gene J. Stonebarger, Esq.<br>Stonebarger  Law, APC<br>75 Iron Point Circle, Suite 145<br>Folsom, California  95630<br>Tel:  916.235.7140<br>Fax:  916.235.7141<br>Email:  gstonebarger@stonebarger.com | Attorneys for Plaintiff<br>*Amanda Georgino, et al.* |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on April 25, 2011, at Los Angeles, California.

*Rebecca R. Rich*

REBECCA R. RICH

US_ACTIVE-105072013.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

— 3 —
Proof of Service

# EXHIBIT B

1   Scott Jacobs, SBN 81980
          sjacobs@reedsmith.com
2   Brandon Corbridge, SBN 244934
          bcorbridge@reedsmith.com
3   REED SMITH LLP
    355 South Grand Avenue, Suite 2900
4   Los Angeles, CA 90071-1514

5   Telephone:    213.457.8000
    Facsimile:    213.457.8080
6
    Attorneys for Defendant
7   SUR LA TABLE, INC.

8                   SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF LOS ANGELES

10

11  AMANDA GEORGINO, an individual, on behalf      No.:BC455406
    of herself and all others similarly situated,
12                                                  NOTICE OF DEFENDANT SUR LA
                                                    TABLE, INC.'S NOTICE OF REMOVAL
13                Plaintiff,                        OF ACTION TO FEDERAL COURT
                                                    (28 U.S.C. § 1446(d))
14        vs.
                                                    Complaint Filed: February 16, 2011
15  SUR LA TABLE, INC., a Washington
    corporation; and DOES 1 through 50, inclusive,
16
                  Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES

2          In accordance with 28 U.S.C. section 1446(d), notice is hereby given that Defendant Sur La

3    Table, Inc. has filed a Notice of Removal with the United States District Court for the Central

4    District of California for the purpose of removing the above-entitled action from this Court.  Section

5    1446(d) provides that this Court need take no further action with respect to this case "unless and

6    until the case is remanded."

7          Attached hereto as Exhibit A is a true and correct copy of the Notice of Removal and

8    supporting documents, which were filed this date with the Clerk in the United States District Court

9    of the Central District of California.

10

11   DATED:  April 25, 2011                    REED SMITH LLP

12

13                                             By_____

14                                                Scott H. Jacobs
                                                 Brandon W. Corbridge
                                                 Attorneys for Defendant
15                                               SUR LA TABLE, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEFENDANT SUR LA TABLE'S FILING OF NOTICE OF REMOVAL TO FEDERAL COURT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Scott Jacobs, SBN 81980
          sjacobs@reedsmith.com
2  Brandon Corbridge, SBN 244934
          bcorbridge@reedsmith.com
3  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
4  Los Angeles, CA 90071-1514

5  Telephone:   213.457.8000
   Facsimile:   213.457.8080
6
   Attorneys for Defendant
7  SUR LA TABLE, INC.

8               SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF LOS ANGELES

10

11 AMANDA GEORGINO, an individual, on behalf        No.:BC455406
   of herself and all others similarly situated,
12                                                    NOTICE TO PLAINTIFF OF DEFENDANT
                  Plaintiff,                          SUR LA TABLE, INC.'S NOTICE OF
13                                                    REMOVAL OF ACTION TO FEDERAL
        vs.                                           COURT
14                                                    (28 U.S.C. § 1446(d))
   SUR LA TABLE, INC., a Washington
15 corporation; and DOES 1 through 50, inclusive,    Complaint Filed: February 16, 2011

16                Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

TO PLAINTIFF AMANDA GEORGINO AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on Monday, April 25, 2011, Defendant Sur La Table, Inc. ("SLT") filed a Notice of Removal of this action with the United States District Court for the Central District of California and that, thereafter, FIA promptly filed a copy of the Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles.  This action has thus been removed from the Superior Court of the State of California to the United States District Court.

Attached hereto as Exhibit A is a true and correct copy of the Notice of Removal and supporting documents, which were filed this date with the Clerk in the United States District Court of the Central District of California.

DATED:  April 25, 2011

REED SMITH LLP

By_____
Scott H. Jacobs
Brandon W. Corbridge
Attorneys for Defendant
SUR LA TABLE, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE TO PLAINTIFF OF DEFENDANT SUR LA TABLE'S FILING OF NOTICE OF REMOVAL TO FEDERAL COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV11- 3522 MMM (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**COPY**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| AMANDA GEORGINO, an individual, on behalf of herself and all others similarly situated | SUR LA TABLE, INC., a Washington corporation; and DOES 1 through 50, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Gene J. Stonebarger (SBN 209461) STONEBARGER LAW 75 Iron Point Circles, Suite 145, Folsom, CA 95360 / Tel: 916.235.7140 | Scott H. Jacobs (SBN 81980) REED SMITH, LLP 355 South Grand Avenue, Suite 2900 Los Angeles, California 90071 / Tel: 213.457.8000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☑ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441, 1446, and 1453

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

CV11 - 03522

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Washington |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date April 25, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |