Gene J. Stonebarger, State Bar No. 209461
gstonebarger@stonebargerlaw.com
Richard D. Lambert, State Bar No. 251148
rlambert@stonebargerlaw.com
Elaine W. Yan, State Bar No. 277961
eyan@stonebargerlaw.com
STONEBARGER LAW
A Professional Corporation
75 Iron Point Circle, Suite 145
Folsom, CA 95630
Telephone (916) 235-7140
Facsimile (916) 235-7141

*Attorneys for Plaintiff Amanda Georgino and the Class*

*Additional Plaintiffs' Counsel Listed on Signature Page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA GEORGINO, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUR LA TABLE, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>Defendants.<br>_____<br>AND CONSOLIDATED CASES | Case No.: 2:11-CV-03522-MMM-JEM<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference: June 25, 2012<br>Time:  9:00 a.m.<br>Judge:  The Honorable Margaret M. Morrow |

Plaintiffs Amanda Georgino, Nancy Dardarian, and Linda Petersen ("Plaintiffs") and Defendant Sur La Table, Inc. ("Defendant" or "Sur La Table") (collectively the "Parties") submit the following Joint Report pursuant to Federal Rule of Civil Procedure 26(f) and the Local Rules of the Central District of California.  On June 7, 2012, the Parties met and conferred on the subjects prescribed by Fed. R. Civ. P. 26(f) and L.R. 26-1.

/ / /

/ / /

*STONEBARGER LAW*
*A Professional Corporation*

STONEBARGER LAW
A Professional Corporation

## I.   NATURE AND BASIS OF CLAIMS AND DEFENSES

### A.   Background of Claims

Sur La Table operates retail stores throughout the United States, including California, that sells kitchen goods such as cookware, dinnerware, and cutlery. Plaintiffs are California residents.  Plaintiffs contend that they each purchased merchandise at one of Sur La Table's stores, and during their credit card purchase transactions, Sur La Table's employees requested and recorded Plaintiffs' personal identification information.  Plaintiffs claim that Sur La Table's requesting and recording of their personal identification information in conjunction with a credit card transaction violates the Song-Beverly Credit Card Act, California Civil Code section 1747.08 ("Section 1747.08").  Plaintiffs bring their claims individually and on behalf of a class of similarly situated persons.

### B.   Legal Issues

Section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may not request and record personal identification information from a customer who pays with a credit card.  The California Supreme Court has held that customers' ZIP codes constitute personal identification information under Section 1747.08, and that "requesting and recording a cardholder's ZIP code, without more, violates [Section 1747.08]." *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal.4th 524, 527-28 (2011).

The principal factual and legal issues here are: (1) whether Sur La Table has a policy and practice of requesting personal identification information from customers; (2) if so, whether Sur La Table's policy and practice of requesting and recording personal identification information from credit card customers violates Section 1747.08; and (3) whether this action should be certified as a class action pursuant to Federal Rule of Civil Procedure 23.

/ / /

/ / /

STONEBARGER LAW
A Professional Corporation

## II.   PROPOSED DISCOVERY PLAN

### A.   State of Discovery

The Parties have propounded and have responded to initial sets of discovery. The Parties intend to complete private mediation within the next sixty (60) days and anticipate completing all discovery relating to class certification within three (3) months thereafter. Plaintiffs will also take the depositions of Sur La Table's representatives and employees pursuant to Fed. R. Civ. P. 30(b)(6) and Sur La Table will take the Plaintiffs' depositions within this timeframe.

### B.   Electronically Stored Information ("ESI") Protocol

The Parties agree that the ESI protocol will comply with Federal Rule of Evidence 502.

### C.   Protective Order

An Order approving the Parties' Stipulated Protective Order was entered by the Honorable John E. McDermott on January 20, 2012.

### D.   Discovery Limitations

The Parties do not propose any changes to the Federal Rule of Civil Procedure's limitations on discovery at this time, but reserve the right to stipulate or move the Court to do so at a later date.

### E.   Other Orders

The Parties do not request or require the Court to issue any other order under Fed. R. Civ. P. Rule 16 or Rule 26 at this time.

## III.   MOTION SCHEDULE

Plaintiffs intend to file a motion for class certification.  The Parties propose the following schedule for that motion:

-Deadline to file a motion for class certification:            January 14, 2013

-Deadline to file opposition to motion for class certification: February 14, 2013

-Deadline to file reply re: motion for class certification:     March 7, 2013

-Hearing re: motion for class certification:                   Per Court's Calendar

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STONEBARGER LAW
A Professional Corporation

## IV.    PROPOSED TIMING OF EXPERT DISCLOSURES

The Parties propose that expert disclosures take place approximately ninety (90) days prior to trial and that expert discovery be completed approximately thirty (30) days prior to trial.

## V.    SETTLEMENT EFFORTS

The Parties have not engaged in any ADR efforts to date.  The Parties have agreed to participate in a private mediation and intend to complete mediation within the next sixty (60) days.

## VI.    REFERENCE TO MANUAL ON COMPLEX LITIGATION

Plaintiffs bring their cases as class actions on behalf of themselves and all other persons from whom Sur La Table requested and recorded personal identification information in conjunction with a credit card transaction in California.  The Parties agree that this case is complex, and the Court should follow the procedures set forth in the Manual for Complex Litigation with respect to class actions where applicable.

## VII.    THE LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES

The Parties do not expect to add new parties at this time, although Plaintiffs reserve the right to add new parties as may be necessary, for example, if class certification is denied because of inadequacy or typicality.

## VIII.  DISPOSITIVE OR PARTIALLY DISPOSITIVE MOTIONS

Both Plaintiffs and Sur La Table anticipate filing Motions for Summary Judgment following a ruling on Plaintiffs' Motion for Class Certification.

The Parties agree that it is premature to determine a cut-off date for dispositive or partially dispositive motions.

/ / /

/ / /

/ / /

-4-

JOINT RULE 26(f) REPORT

## IX.    PRELIMINARY ESTIMATE OF TIME REQUIRED FOR TRIAL

The Parties' best estimate for the length of trial at this time is five (5) to ten (10) court days.

Dated:  June 11, 2012                  STONEBARGER LAW, APC


By:  /s/ Gene J. Stonebarger
        Gene J. Stonebarger
        Attorneys for Plaintiff
        AMANDA GEORGINO and the Class


Dated:  June 11, 2012                  PATTERSON LAW GROUP, APC


By:  /s/ James R. Patterson
        James R. Patterson
        Attorneys for Plaintiff
        LINDA PETERSEN and the Class


Dated:  June 11, 2012                  HOFFMAN & LAZEAR


By:  /s/ Chad A. Saunders
        Chad A. Saunders
        Attorneys for Plaintiff
        NANCY DARDARIAN and the Class


Dated:  June 11, 2012                  REED SMITH, LLP


By:  /s/ Scott H. Jacobs
        Scott H. Jacobs
        Brandon W. Corbridge
        Attorneys for Defendant
        SUR LA TABLE, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STONEBARGER LAW
A Professional Corporation

**FILER'S ATTESTATION**

      The filing attorney attests that he has obtained permission regarding the filing of this document from the signatories of this document.

Dated:  June 11, 2012              STONEBARGER LAW, APC


                         By: /s/ Gene J. Stonebarger
                              Gene J. Stonebarger