# EXHIBIT "1"

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between Amanda Georgino, Linda Petersen, and Nancy Dardarian (collectively, "Plaintiffs"), on behalf of themselves and the Class Members, as defined below, on the one hand, and Sur La Table, Inc. ("Defendant"), on the other hand.  Plaintiffs and Defendant collectively are referred to in this Agreement as the "Parties."  This Agreement is subject to Court approval.

## I.   DEFINITIONS

In addition to other terms defined in this Agreement, the terms below have the following meaning in this Agreement:

A.   "Action" means Amanda Georgino v. Sur La Table Inc. and Consolidated Cases - United States District Court, Central District of California Case No. 2:11-CV-03522-MMM-JEM.

B.   "Claim Deadline" means ninety (90) days from the date the Court enters its order granting Preliminary Approval of the Settlement.

C.   "Class" or "Class Members" means all individuals who used a credit card issued for consumer credit purposes to purchase goods or services from one of Defendant's retail stores (either in person or over the phone) in the State of California during the Class Period, and whose personal identification information was requested and recorded by Defendant for any reason other than a special order, installation, or delivery.

D.   "Class Counsel" means Gene J. Stonebarger of Stonebarger Law, APC; James R. Patterson of Patterson Law Group, APC; and H. Tim Hoffman of Hoffman & Lazear.

E.   "Class Counsel Fees and Litigation Expenses Payment" means the amounts awarded to Class Counsel by the Court to compensate them for their fees and expenses in connection with the Action, including pre-filing investigation, filing of the Action, all related litigation activities including this Settlement and all post-Settlement compliance procedures.

F.   "Class Members' Data" means for each Known Class Member:  (1) name (2) last known mailing address and (3) email address.

G.   "Class Notice" means the long form Notice to Class Members Re: Pendency of Class Action Settlement and Notice of Hearing on Proposed Settlement to be posted on the Claims Administrator's Website substantially in the form as evidenced by **Exhibit A** to this Agreement and incorporated herein by reference.

H.   "Class Period" means the period of time between February 16, 2010 through February 11, 2011.

I.     "Class Representative Payments" means the incentive payments made to Plaintiffs in their respective capacities as "Class Representatives" to compensate them for initiating the Action and performing work in support of the Action.

J.     "Court" means the United States District Court, Central District of California.

K.     "Effective Date" means the date by which all of the following have occurred:

    1.     Defendant has not voided this Settlement pursuant to section III.E.6;

    2.     This Agreement is finally approved by the Court; and

    3.     The Judgment becomes Final.

L.     "Final" means either (a) the date upon which the court enters the Final Approval Order and Judgment, respectively, substantially in the form of **Exhibits B** and **C** to this Agreement, if no motions for reconsideration or no appeals or other efforts to obtain review have been filed or (b) in the event that a motion for reconsideration, an appeal, or other effort to obtain review of the Final Approval Order and Judgment, the date upon which such reconsideration, appeal, or review has been finally concluded and is no longer subject to review, whether by appeal, petitions for rehearing, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise.

M.     "Final Approval Hearing" means the hearing to be conducted by the Court to determine whether to approve finally and implement the terms of this Agreement.

N.     "Final Approval Order" means the Court's order approving this Agreement and dismissing this Action substantially in the form evidenced by **Exhibit B** to this Agreement.

O.     "Defendant's Counsel" means Reed Smith LLP.

P.     "Judgment" means the Judgment entered by the Court following the final approval of this Agreement substantially in the form evidenced by **Exhibit C** to this Agreement and incorporated herein by reference.

Q.     "Known Class Members" means the approximately 92,200 Class Members for whom Defendant has a name and home or email address.

R.     "Unknown Class Members" means all Class Members for whom Defendant does not have a home or email address.

S.     "Gross Settlement Amount" means the aggregate value of $1,635,600 (consisting of (i) merchandise certificates with an aggregate value of $1,198,600 to be distributed to Known Class Members, (ii) $425,000 Class Counsel Fees and Litigation Expenses, and (iii) $12,000 total Class Representative Payments) plus a merchandise certificate with a value of $13 for each Unknown Class Member who

submits a valid claim or is otherwise subsequently identified by Defendant to be a Known Class Member.

T.     "Merchandise" means physical goods available for sale in Defendant's retail stores and does not include services (shipping, gift wrap, cooking classes), tax, gift cards or prior purchases.

U.     "Net Settlement Amount" means the Gross Settlement Amount, less the proposed Class Representative and Class Counsel Fees and Litigation Expenses Payments.

V.     "Non-Participating Class Member" means a Class Member who submits a valid and timely Election Not to Participate in Settlement.

W.     "Participating Class Member" means a Class Member who does not submit a valid and timely Election Not to Participate in Settlement.

X.     "Preliminary Approval of the Settlement" means the Court's Order preliminarily approving the Settlement without material change in substantially the form evidenced by **Exhibit D** to this Agreement.

Y.     "Settlement" means the disposition of the Action and all related claims effectuated by this Agreement.

Z.     "Settlement Administrator" means Heffler Claims Administration. Defendant shall be responsible for paying the costs to administer this Settlement separately and in addition to the Gross Settlement Amount.

AA.     "Summary Postcard Class Notice" means the short form notice to be mailed or emailed to Known Class Members (substantially in the form attached as **Exhibit E**).

## II.    **RECITALS**

A.     This Action is comprised of three separate lawsuits filed by Plaintiffs, on behalf of themselves and the Class.

B.     Plaintiffs alleged that Defendant violated California Civil Code Section 1747.08 by requesting and recording credit card customers' personal identification information at the point of sale in Defendant's California retail stores.

C.     Defendant disputes and denies any liability with respect to the allegations made or that could have been made in the Action and further denies that, other than for settlement purposes, this Action is appropriate for certification as a class action.

D.     Since filing the Action, the Parties have engaged in substantial discovery, including informal written discovery, and Defendant has provided Class Counsel with extensive documents and data regarding the claims in the Action, which were thoroughly analyzed by Plaintiffs.

E.     On August 21, 2012, the Parties participated in a mediation presided over by Michael Dickstein of Dickstein Dispute Resolution. Following the mediation, the Parties, through their respective counsel, continued to negotiate through the mediator and ultimately came to terms for this Agreement.

F.     This Agreement represents a compromise and settlement of highly-disputed claims. Nothing in this Agreement is intended or will be construed as an admission by Defendant that Plaintiffs' claims in the Action have merit or that it has any liability to Plaintiffs or the Class on those claims, or as an admission by Plaintiffs that Defendant's defenses in the Action have merit. Solely for purposes of this Agreement, the Parties stipulate and agree to class certification. In the event this Agreement is not approved, it is understood and agreed that Defendant is not agreeing for any purpose that this Action is appropriate for class certification and Defendant will not be deemed to have waived any arguments it may have in opposition to class certification.

Based on these Recitals, which are incorporated herein below, the Parties agree as follows:

## III.    <u>SETTLEMENT TERMS AND CONDITIONS</u>

A.     **Gross Settlement Amount.** Defendant agrees to contribute the components of the Gross Settlement Amount to be distributed in accordance with the terms and conditions of this Agreement.

The Gross Settlement Amount does not include the costs to administer the Settlement, which shall be paid by Defendant.

B.     **Net Settlement Amount.** The "Net Settlement Amount" is the total value of merchandise certificates available to be distributed to Class Members on a partial claims basis as follows. All of the Known Class Members will be directly sent a merchandise certificate with a value of $13. Each Known Class Member for whom Defendant has an email address will be direct emailed a merchandise certificate with the Summary Postcard Class Notice. Each Known Class Member for whom Defendant has no email address (including any that are returned as undeliverable during this distribution process), but has a postal mailing address will be directly mailed a merchandise certificate with the Summary Postcard Class Notice. All Unknown Class Members who return a valid claim form shall also be directly sent a merchandise certificate with a value of $13 thirty (30) days after the Effective Date. The merchandise certificates shall be redeemable upon delivery for twelve (12) months for new Merchandise purchases only at any of Defendant's retail stores, are freely transferable, and have no restrictions on use except as stated herein.

C.     **Class Counsel Fees, Litigation Expenses and Class Representative Payments.**

**To Plaintiffs:** Plaintiffs will apply to the Court for incentive awards of $4,000 to each of them as their Class Representative Payments. Defendant will not oppose

4

Class Representative Payments of $4,000 to each Plaintiff. If the Court approves Class Representative Payments of less than $4,000 to each Plaintiff, the remainder will be retained by Defendant. A Form 1099 will be issued to Plaintiffs regarding their Class Representative Payments.

**To Class Counsel:** Class Counsel will apply to the Court for a total award of $425,000 as their Class Counsel Fees and Litigation Expense Payment. Defendant will not oppose this request. If the Court approves Class Counsel Fees and Litigation Expense Payment of less than $425,000, the remainder will be retained by Defendant. One or more Forms 1099 will be issued to Class Counsel regarding those payments.

D.   **Settlement Administration.** The Settlement Administrator's duties will include (i) setting up a website no later than twenty-one (21) days after the Court enters its order granting Preliminary Approval that will contain all information relating to the Settlement, including a long form Class Notice and a Claim Form for Unknown Class Members, which shall be active through the Effective Date; (ii) receiving completed Elections Not to Participate in Settlement; (iii) receiving and tracking the timely submission of Claim Forms submitted by Unknown Class Members; and (iv) providing Class Counsel and Defendant's Counsel with periodic status reports about the receipt of completed Elections Not to Participate in Settlement and timely Claim Forms. Defendant shall be responsible for all other administrative duties required to effectuate the terms of this Agreement, including (i) having a National Change of Address search conducted for the postal addresses of all Known Class Members prior to mailing the Class Notice and merchandise certificate to Known Class Members; (ii) preparing, printing and mailing or emailing the Class Notice and merchandise certificate to Known Class Members; and (iii) mailing or emailing the merchandise certificate to Unknown Class Members who submit a valid Claim Form. Defendant shall provide Class Counsel with periodic status reports about the number of mailings to Known Class Members sent and/or returned as undeliverable and the number of mailings to Unknown Class Members completed. Defendant shall pay the costs to administer the Settlement.

E.   **Procedure for Approving Settlement.**

1.   Unopposed Motion for Conditional Certification of Class and Preliminary Approval of the Settlement by the Court.

a.   Plaintiffs will file an unopposed motion for an order conditionally certifying the Class, giving Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the Class Notice, and Claim Form (the "Unopposed Motion for Preliminary Approval"). Class Counsel must draft the preliminary approval papers and give Defendant's Counsel a draft of the papers to review at least five (5) business days before the

filing deadline.  Defendant shall be permitted, but not required, to file its own brief or statement regarding Preliminary Approval

b.     Within ten (10) days after filing the Unopposed Motion for Preliminary Approval, Defendant will serve the appropriate Federal and State officials with the required notice under 28 U.S.C. § 1715(b).

c.     At the hearing on the unopposed motion for preliminary approval, the Parties will jointly appear, support granting the Motion, and submit an order granting conditional certification of the Class and preliminary approval of the Settlement; appointing Class Representative and, Class Counsel; approving the forms of notice to the Class of the Settlement, Claim Form, and setting the Final Approval Hearing in substantially the form evidenced by **Exhibit D** to this Agreement and incorporated by reference.

d.     Should the Court decline to conditionally certify the Settlement Class or decline to preliminarily approve all material aspects of the Settlement, the Settlement will be null and void, the Parties will have no further obligations under the Settlement, and the Parties will revert to their prior positions as if the Settlement had not occurred.

2.     **Notice to Class Members.**  After the Court enters its order granting Preliminary Approval of the Settlement, Class Notice informing Class Members of their rights under the Settlement, and of their ability to elect not to participate, will be provided to all Class Members:

a.     **Direct Mail or Email Notice:** Within forty-five (45) days after the Court enters its order granting Preliminary Approval of the Settlement, Defendant will mail or, if a complete postal address is not available, email the Summary Postcard Class Notice (substantially in the form attached as **Exhibit E**) and a merchandise certificate to all Known Class Members.

b.     Prior to mailing the Summary Postcard Class Notice to Known Class Members, Defendant shall have a National Change of Address search conducted for each Known Class Member for whom Defendant has a complete postal address to determine such Known Class Members' current postal address.  Known Class Members for whom the Summary Postcard Class Notice is returned as undeliverable will be removed from the group of Known Class Members and will not be directly mailed a merchandise certificate.

c.  **In-Store Notice:** Within forty-five (45) days after the Court enters its order granting Preliminary Approval of the Settlement, Defendant will post at each point of sale in each of its California stores, a clear and conspicuous copy of the Summary In-Store Notice (substantially in the form attached as **Exhibit F**) containing instructions for Unknown Class Members to submit a claim, elect not to participate or object. These notices shall remain posted in Defendant's stores for at least thirty (30) days.

d.  Before the Final Approval Hearing, Defendant shall file with the Court declarations confirming that Notice has been provided in accordance with this Agreement.

3.  **Claim Process:**

a.  **Completing Claim Forms:** Unknown Class Members shall complete in full, sign and return to the Settlement Administrator a Claim Form substantially in the form of **Exhibit G** to this Agreement by no later than the Claim Deadline to be eligible to receive a merchandise certificate. The date of the postmark on the return envelope shall be the exclusive means used to determine whether a Class Member has "timely" returned the Claim Form by the Claim Deadline.

b.  Within three (3) days of the Claim Deadline, the Settlement Administrator shall provide Defendant's Counsel with all timely Claim Forms. Within fourteen (14) days of receiving all timely Claim Forms from the Settlement Administrator, Defendant's Counsel shall advise Class Counsel whether Defendant challenges the validity of any timely Claim Form submitted by an Unknown Class Member. In the event of any such challenge, the Parties shall meet and confer in good faith for the purpose of resolving the issue and, if the issue cannot be resolved, shall submit the dispute to the Court for resolution. A timely Claim Form that is not subject to a challenge by Defendant as provided herein shall be deemed valid.

c.  An Unknown Class Member who does not file a timely Claim Form and does not file a timely Election Not to Participate in Settlement in Section 4, shall not be eligible to receive a merchandise certificate but shall be a Participating Class Member bound by all terms and conditions of the Settlement, if the Settlement is approved by the Court and by the Judgment.

4.  **Objections to Settlement; Elections Not to Participate in Settlement.** Participating Class Members may submit objections to the Settlement and Class Members who decide to opt-out of the Settlement shall submit an

Election Not to Participate in Settlement form under the following procedures:

a.     **Objections to Settlement.**  The Class Notice will provide that Participating Class Members who wish to object to the Settlement must file with the Court and serve on counsel for the Parties, not later than ninety (90) days from the date the Court enters its order granting Preliminary Approval of the Settlement, a written objection to (i) the Settlement, and/or (ii) Plaintiffs and Class Counsel's request for the Class Representative Payments, or the Class Counsel Fees and Litigation Expense Payment.  No Participating Class Member shall be entitled to be heard at the Final Approval Hearing or to object to the Settlement orally or in writing, unless timely written notice was filed and served as set forth above.  Participating Class Members who fail to file and serve timely written objections as set forth above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. Non-Participating Class Members will have no right to object to, comment on, or appeal the Settlement and/or Judgment.

b.     **Election Not to Participate in Settlement.**  The Class Notice also will provide that Class Members who wish to exclude themselves from the Settlement must mail to the Settlement Administrator, not later than ninety (90) days from the date the Court enters its order granting Preliminary Approval of the Settlement, a signed and notarized Election Not to Participate in Settlement.  A Class Member who submits a valid Election Not to Participate in Settlement form shall be considered a Non-Participating Class Member.  A Non-Participating Class Member will not participate in or be bound by the Settlement and Judgment nor have any right to object to, comment on, or appeal the Settlement and/or Judgment.

A Class Member who does not complete and mail a timely Election Not to Participate in Settlement in the manner and by the deadline specified above will automatically become a Participating Class Member and be bound by all terms and conditions of the Settlement, if the Settlement is approved by the Court, and by the Judgment, regardless of whether he or she has objected to the Settlement.

c.     **Reporting.**  Not later than fourteen (14) days after the deadline for submission of Elections Not to Participate in Settlement, the Settlement Administrator will provide the Parties with a complete and accurate list of all Non-Participating Class Members.  The Settlement Administrator will provide to Defendant the names of

8

the Non-Participating Class Members and to Class Counsel only the number of Non-Participating Class Members.

5.   **No Solicitation of Comment, Objection, or Election Not to Participate.** Neither the Parties nor their respective counsel will solicit or otherwise encourage directly or indirectly any Class Member to elect not to participate in the Settlement, comment on or object to the Settlement, or appeal from the Judgment.

6.   **Right of Defendant to Void Settlement.** Defendant will have the right, but not the obligation, to void the Settlement if any of the following occurs:

(a)   If 10,000 or more Class Members timely opt-out of the Settlement, Defendant will have the right, but not the obligation, to void the Settlement and Defendant will have no further obligations under the Settlement, including any obligation to pay the Gross Settlement Amount, or any amounts that otherwise would have been owed under the Settlement, except that Defendant will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date that Defendant exercises its right to void the Settlement;

(b)   If the Court does not grant final approval of the Settlement or grants final approval conditioned on any material change to the terms of the Settlement regarding the payments to be made to Participating Class Members, or the scope of the release of claims, then Defendant will have the right, but not the obligation, to void the Settlement.  If that occurs, Defendant will have no further obligations under the Settlement, including any obligation to pay the Gross Settlement Amount or any amounts that otherwise would have been owed under the Settlement, except that Defendant will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date that Defendant exercises its right to void the Settlement.  An award by the Court of a lesser amount than that sought by Plaintiffs and Class Counsel for the Class Representative Payments, the Class Counsel Fees Payment, or the Class Counsel Litigation Expenses Payment will not constitute a material change to the Settlement, however, nothing in this Agreement shall prevent Class Counsel or Plaintiffs from appealing any award of less than the amount requested; or

(c)   If, after a notice of appeal, a petition for review, or a petition for *certiorari*, or any other motion, petition, or application, the reviewing court vacates, reverses, or modifies the Judgment such that there is a material modification to the Settlement, and that court's decision is not completely reversed and the Judgment is not

fully affirmed on review by a higher court, then Defendant will have the right to void the Settlement. If that occurs, Defendant will have no further obligations under the Settlement, including any obligation to pay the Gross Settlement Amount or any amounts that otherwise would have been owed under the Settlement, except that Defendant will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date that Defendant exercises its right to void the Settlement. A vacation, reversal, or modification of the Court's award of the Class Representative Payments or the Class Counsel Fees and Litigation Expenses Payment will not constitute a vacation, reversal, or material modification of the Judgment, so long as the result would not require a higher than agreed payment to Class Counsel and/or Plaintiffs.

7. **Additional Briefing and Final Approval.**

   a.  Not later than five (5) court days before the Final Approval Hearing, Plaintiffs will file with the Court and serve on Defendant a supporting memorandum of points and authorities, and any necessary supporting declarations for final approval of the Settlement, including payment of the Settlement Administrator's reasonable fees and expenses. Class Counsel must draft the final approval papers and give Defendant's Counsel a draft of the papers to review at least five (5) business days before the filing deadline. Defendant shall be permitted, but not required, to file its own brief or statement regarding Final Approval.

   b.  Not later than fourteen (14) days before the deadline for Participating Class Members to submit objections to the Settlement, Plaintiffs will file with the Court and serve on Defendant a supporting memorandum of points and authorities, and any necessary supporting declarations for final approval for the awards of the Class Representative Payments, and the Class Counsel Fees and Litigation Expense Payment under this Settlement.

   c.  Upon final approval of the Settlement by the Court at or after the Final Approval Hearing, the Parties will present the Final Approval Order and Judgment, respectively, to the Court for approval and entry in the form evidenced by **Exhibits B and C** to this Agreement and incorporated by reference. After entry of the Judgment, the Court will have continuing jurisdiction over the Action and the Settlement solely for (i) enforcing this Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

8.     **Waiver of Right to Appeal.**  Provided the Judgment follows the terms and conditions of this Agreement, Plaintiffs, Participating Class Members who did not timely submit an objection to the Settlement, Defendant, and their respective counsel waive any and all rights to appeal from the Judgment, including all rights to any post-judgment proceeding and appellate proceeding, such as a motion to vacate or set aside judgment, a motion for new trial, and any extraordinary writ, and the Judgment therefore will become nonappealable at the time it is entered.  The waiver of appeal includes no waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings.  This paragraph does not preclude Plaintiffs or Class Counsel from appealing from a refusal by the Court to award the requested Class Representative Payments, or the Class Counsel Fees and Litigation Expense Payment sought by them.

9.     **Timing of Delivery of Merchandise Certificate and Payments.**  Within forty-five (45) days after the Court enters its order granting Preliminary Approval of the Settlement, Defendant shall deliver the merchandise certificates to Known Class Members with the Class Notice.  Within thirty (30) days after the Judgment becomes Final, Defendant shall deliver the merchandise certificates to the Unknown Class Members who submit a valid Claim Form, the court approved Class Representative Payments to Plaintiffs, and the court approved Class Counsel Fees and Litigation Expenses Payment to Class Counsel.

10.    **Final Report.**  Within ten (10) days after final disbursement of all funds, Defendant will serve on the Parties and file with the Court a declaration confirming the disbursements of all funds required under the Settlement.

F.     **Release of Claims.**

As of the Effective Date of this Agreement, Plaintiffs and all Participating Class Members shall be deemed to fully and irrevocably release, waive, and discharge Defendant and each of its respective past, present and future owners, stockholders, parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, from any and all past, present, and future liabilities, claims, causes of action (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, or suspected or unsuspected, which Plaintiffs and all Participating Class Members have or may have arising out of or relating to any act, omission, or other conduct alleged in the Action that has or could have been alleged or otherwise referred to in the Action (the "Released Claims").

G.     **California Civil Code Section 1542 Waiver.**

Upon the Effective Date, regarding the Released Claims, Plaintiffs and all Participating Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of the general release.  Section 1542 provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

H.    **Miscellaneous Terms.**

1.    **No Admission of Liability or Class Certification for Other Purposes.**

a.    Defendant denies it has engaged in any unlawful activity, has failed to comply with the law, has any liability to anyone under the claims asserted, or that but for the Settlement a class should be certified.  This Agreement is entered into solely to compromise highly-disputed claims.  Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Defendant, or an admission by Plaintiffs that their claims were non-meritorious or any defense asserted by Defendant was meritorious.  This Settlement and that Plaintiffs and Defendant were willing to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with the Settlement).

b.    The Parties have agreed to the certification of the Class to effectuate this Settlement.  Should the Settlement be voided by Defendant under this Agreement, or not approved by the Court, or should the Judgment not become Final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement will have no bearing on, and will not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in this Action or any other action, and in any of those events Defendant expressly reserves the right to oppose class certification.

c.    Whether or not the Judgment becomes Final, neither the Settlement, this Agreement, any document, statement, proceeding or conduct related to the Settlement or the Agreement, nor any

reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed evidence for any purpose adverse to Defendant, including, but not limited to, evidence of a presumption, concession, indication or admission by the Defendant of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against Defendant, in any further proceeding, or any other civil, criminal or administrative action or proceeding except to effectuate the Settlement pursuant to this Agreement.

d.   This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Agreement or in defense of any claims released or barred by this Agreement.

2.   **Integrated Agreement.**  After this Agreement is signed and delivered by all Parties and their counsel, this Agreement and its exhibits will constitute the entire agreement between the Parties relating to the Settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, covenants, and inducements expressly stated in this Agreement and its exhibits.

3.   **Attorney Authorization.**   Class Counsel and Defendant's Counsel warrant and represent they are authorized by Plaintiffs and Defendant, respectively, to take all appropriate action required or permitted to be taken by such Parties under this Agreement to effectuate its terms, and to execute any other documents required to effectuate this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect implementing the Settlement.  If the Parties cannot agree on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate this Agreement, the Parties will seek the assistance of the Court, and in all cases all such documents, supplemental provisions and assistance of the Court will follow this Agreement.

4.   **Agreement Binding on Successors**.  This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties.

5.   **Applicable Law.**  All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of California, without giving effect to any conflict of law principles or choice of law principles.

6.   **Cooperation in Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement.  This Agreement will not be construed

against any Party because the Party was the drafter or participated in the drafting.

7.  **Fair Settlement.**  The Parties and their respective counsel believe and warrant this Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Agreement through arms-length negotiations, considering all relevant factors, current and potential.

8.  **Plaintiffs' Waiver of Right to be Excluded and Object**.  The Plaintiffs agree that by signing this Agreement they become bound by the terms stated and agree not to opt-out of the Settlement or object to the Settlement.  Any non-compliance with this paragraph (e.g., request for exclusion or objection) shall be void and of no force or effect.

9.  **Headings.**  The descriptive heading of any section or paragraph is inserted for convenience of reference only and does not constitute a part of this Agreement.

10. **Notice.**  All notices, demands or other communications under this Agreement will be in writing and deemed to have been duly given as of the third (3rd) business day after mailing by United States mail, addressed:

*To the Plaintiffs and Class:*

Gene J. Stonebarger
STONEBARGER LAW, APC
75 Iron Point Circle, Suite 145
Folsom, California 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141
Email: gstonebarger@stonebargerlaw.com

*To Sur La Table, Inc.:*

Scott Jacobs
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071

Telephone: (213) 457-8061

Facsimile: (213) 457-8080
Email: shjacobs@reedsmith.com

11. **Execution in Counterpart.**  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them will be

deemed one and the same instrument provided that counsel for the Parties will exchange between themselves signed counterparts. Facsimile signatures will be accepted. Any executed counterparts will be admissible as evidence to prove the existence and contents of this Agreement.

**IV.   EXECUTION BY PARTIES AND COUNSEL**

The Parties and their counsel execute this Agreement.

Dated:  November 2⁗, 2012          Amanda Georgino

_____

Dated:  November __, 2012          Linda Petersen

_____

Dated:  November __, 2012          Nancy Dardarian

_____

Dated:  November __, 2012          Sur La Table, Inc.

                                   By:_____

15

deemed one and the same instrument provided that counsel for the Parties will exchange between themselves signed counterparts. Facsimile signatures will be accepted. Any executed counterparts will be admissible as evidence to prove the existence and contents of this Agreement.

## IV.   EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel execute this Agreement.

Dated:  November __, 2012          Amanda Georgino

_____

Dated:  November 3 0 2012          Linda Petersen

_____

Dated:  November __, 2012          Nancy Dardarian

_____

Dated:  November __, 2012          Sur La Table, Inc.

By:_____

15

deemed one and the same instrument provided that counsel for the Parties
will exchange between themselves signed counterparts.    Facsimile
signatures will be accepted.  Any executed counterparts will be admissible
as evidence to prove the existence and contents of this Agreement.

IV.   **EXECUTION BY PARTIES AND COUNSEL**

The Parties and their counsel execute this Agreement.

Dated: November __, 2012      Amanda Georgino

_____

Dated: November __, 2012      Linda Petersen

_____

Dated: November __, 2012      Nancy Dardarian

_____

Dated: November __, 2012      Sur La Table, Inc.

By: _____

15

deemed one and the same instrument provided that counsel for the Parties will exchange between themselves signed counterparts. Facsimile signatures will be accepted. Any executed counterparts will be admissible as evidence to prove the existence and contents of this Agreement.

## IV.    **EXECUTION BY PARTIES AND COUNSEL**

The Parties and their counsel execute this Agreement.

Dated: November __, 2012        Amanda Georgino

_____

Dated: November __, 2012        Linda Petersen

_____

Dated: November __, 2012        Nancy Dardarian

_____

Dated: November 30, 2012        Sur La Table, Inc.

By: _____

AGREED AS TO FORM:

Dated:  November 30 2012      PATTERSON LAW GROUP, APC


By: _____

                    James R. Patterson

              Class Counsel and Counsel for Class
                     Representatives


Dated:  November 30, 2012      STONEBARGER LAW, APC


By: _____

                    Gene J. Stonebarger

              Class Counsel and Counsel for Class
                     Representatives

16

Dated:  November __, 2012          HOFFMAN & LAZEAR


By: _____

H. Tim Hoffman

Class Counsel and Counsel for Class
Representatives


Dated:  November __, 2012          Reed Smith LLP


By:_____

Scott Jacobs

Counsel for Defendant Sur La Table

Dated:  November __, 2012          HOFFMAN & LAZEAR


By: _____

H. Tim Hoffman

Class Counsel and Counsel for Class
Representatives


Dated:  November 30, 2012          Reed Smith LLP


By: _____

Scott Jacobs

Counsel for Defendant Sur La Table

17