Exhibit A to Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

**If you purchased goods using a credit card from a Sur La Table store in California during the period of time between February 16, 2010 and February 11, 2011, and the clerk requested your personal identification information (address, ZIP code, and/or phone number), then you may be entitled to a benefit from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide thirteen dollar ($13.00) Sur La Table Merchandise Certificates to Sur La Table customers who purchased goods using a credit card issued for consumer credit purposes if, in connection with that purchase, a Sur La Table employee requested and recorded the customer's personal identification information (address, ZIP code, phone number and/or e-mail address) for any reason other than a special order, installation or delivery.

- **Your legal rights are affected whether you act or don't act. Please read this entire notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **RECEIVE SETTLEMENT BENEFITS** | **If you received notice of this Settlement by mail or email, then a merchandise certificate was delivered to you with that notice, and you may redeem that certificate for merchandise at a Sur La Table retail store for up to one (1) year without doing anything further.**<br><br>**If you did not receive notice of this Settlement by mail or email, then you must follow the instructions set forth in this Notice and submit a claim form to receive a merchandise certificate.** |
| **EXCLUDE YOURSELF** | **Be able to bring your own suit, but you may not submit a claim to receive a merchandise certificate..** |
| **OBJECT** | **Write to the Court about why you don't like the Settlement.** |
| **GO TO A HEARING** | **Ask to speak in Court about the fairness of the Settlement.** |

- These rights and options–**and the deadlines to exercise them**–are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. If you submit a claim, the Settlement benefits will become available if the Court approves the Settlement and after any appeals are finished. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................ **Page _**
    1. Why did I get this notice?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. Why is there a Settlement?

**Who is in the Settlement** ................................................................. **Page _**
    5. How do I know if I am part of the Settlement?

**The Settlement Benefits—What You Get** ................................... **Page _**
    6. What does the Settlement provide?

**How You Get a Payment—Submitting a Claim Form** ............................. **Page _**
    7. How can I participate in the Settlement?
    8. When would I receive my Settlement benefits?
    9. What am I giving up to stay in the Class and receive a benefit?

**Excluding Yourself From the Settlement** .................................................. **Page _**
    10. How do I get out of the Settlement?
    11. If I don't exclude myself, can I sue Sur La Table for the same thing later?
    12. If I exclude myself, can I still benefit from this Settlement?

**The Lawyers Representing You** ................................................................ **Page _**
    13. Do I have a lawyer in the case?
    14. How will the lawyers be paid?

**Objecting to the Settlement** ................................................................ **Page _**
    15. How do I tell the Court that I don't like the Settlement?
    16. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ........................................................ **Page _**
    17. When and where will the Court decide whether to approve the Settlement?
    18. Do I have to come to the hearing?
    19. May I speak at the hearing?

**If You Do Nothing** ................................................................................ **Page _**
    20. What happens if I do nothing at all?

**Getting More Information** .................................................................. **Page _**
    21. Are there more details about the Settlement?
    22. How do I get more information?

# BASIC INFORMATION

## 1. Why did I get this notice?

The Court ordered this notice because you have a right to know about a proposed Settlement of a class action lawsuit of which you may be a member, and about your options, before the Court decides whether to approve the Settlement.

This notice explains the lawsuit, the Settlement, your legal rights, the benefits available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California and the case is entitled *Amanda Georgino v. Sur La Table, Inc. and Consolidated Cases*, Case No. 2:11-CV-03522-MMM-JEM. The persons who sued are called the Plaintiffs, and the company they sued, Sur La Table, Inc. ("Sur La Table"), is called the Defendant.

## 2. What is this lawsuit about?

The lawsuit claimed that Sur La Table violated California Civil Code § 1747.08, which prohibits retailers from requesting and recording personal identification information (address, ZIP code, phone number and/or e-mail address) at the point of sale in conjunction with certain credit card transactions. Sur La Table denies that it did anything wrong.

## 3. Why is this a class action?

In a class action, one or more people, called Class Representatives (in this case Amanda Georgino, Linda Petersen, and Nancy Dardarian), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who ask to be excluded from the Class. U.S. District Judge Margaret M. Morrow is in charge of this class action.

## 4. Why is there a Settlement?

The Court has not decided in favor of Plaintiffs or Defendant. Instead, both sides agreed to a Settlement. That way, they avoid the cost of a trial, and the people affected will benefit. The Class Representatives and their attorneys think the Settlement is best for the Class Members.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the Settlement?

You are part of the Settlement if:

- You used a credit card issued for consumer credit purposes to purchase goods from a Sur La Table retail store in California between the dates of February 16, 2010 and February 11, 2011; and

- A Sur La Table employee requested and recorded your personal identification information (address, ZIP code, phone number and/or e-mail address) in conjunction with the credit card transaction, unless the information was requested in connection with a special order, installation or delivery.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 6. What does the Settlement provide?

If you received notice of this Settlement by mail or email, the merchandise certificate was delivered with the notice and you may redeem it for merchandise at a Sur La Table store for up to one (1) year without doing anything further.

For those persons for whom Sur La Table does not have a home address or email address, Sur La Table will send these individuals a merchandise certificate upon the submission and receipt of a valid Claim Form by the deadline, which is _____, if the Court approves the Settlement and after any appeals are finished.

The merchandise certificates will be valid upon delivery for one (1) year, redeemable, for new merchandise purchases only, at any of Sur La Table's retail stores, are freely transferable, and have no restrictions on use except as stated here.

## HOW YOU CAN PARTICIPATE IN THE SETTLEMENT

### 7. How can I participate in the Settlement?

The process to receive benefits offered under the Settlement depends on whether or not you received notice of the Settlement in the mail or by email.

If you received notice of this Settlement with a merchandise certificate by mail or email, then Sur La Table records show that you are a member of the Settlement Class and you may redeem the certificate for merchandise at a Sur La Table store for up to one (1) year without doing anything further.

If you did not receive notice of this Settlement by mail or email, and you want to receive the benefits offered under this Settlement, then you will need to fill out a valid Claim Form. On the

Claim Form, you will provide your name, contact information, and you will certify that when you made a purchase in a Sur La Table store located in California, a Sur La Table employee requested and recorded your personal identification information (address, ZIP code, phone number and/or e-mail address) in conjunction with the credit card transaction, and not for a special order, installation or delivery.

This Claim Form must be submitted by mail to the Settlement Administrator no later than _____ at the following address:

Sur La Table Class Action Settlement

_____

_____

If the Court approves the Settlement, the Claim Form will be reviewed by the Settlement Administrator, and if you are eligible, you will receive a merchandise certificate. If you were delivered a merchandise certificate when you received notice of this Settlement, then you are not eligible to submit a Claim Form to receive a second merchandise certificate. You can check on the progress of the Settlement by visiting the website www._____.com

## 8. When would I receive my Settlement benefits if I submit a Claim Form?

The Court will hold a hearing on _____, 2013, at _____.m. at the United States District Court for the Central District of California, Western Division, Courtroom 780, 255 East Temple Street, Los Angeles, CA 90012, to decide whether to approve this Settlement.

If the Court approves the Settlement after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps even more than a year. You may continue to check on the progress of the Settlement by visiting the website www._____.com.

## 9. What am I giving up to stay in the Class and receive a benefit?

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Sur La Table and certain affiliated companies and people about the legal issues in this case if the Settlement is approved. It also means that all of the Court's orders will apply to you and legally bind you.

As part of the Settlement, the Class Representatives have agreed to dismiss all claims of the members of Settlement Class relating to any and all claims that Sur La Table violated California Civil Code Section 1747.08 or any other law by requesting and recording customers' ZIP codes in conjunction with credit card purchase transactions. This means that all persons who do not opt-out of the Settlement will be barred from bringing any claims on their own based on the conduct alleged in this case, even if they do not file a claim or receive a merchandise certificate.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to participate in this Settlement, but you want to keep the right to sue or continue to sue Sur La Table on your own based on the conduct alleged in this case, then you must take steps to get out. This is called excluding yourself, and is sometimes referred to as opting out of the Class.

### 10. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement. Be sure to include your name, address, telephone number, your signature, and refer to the case - *Georgino, et al. v. Sur La Table, Inc. and Consolidated Cases*, Case No. 2:11-CV-03522-MMM-JEM. You must mail your exclusion request to the Settlement Administrator postmarked no later than _____ to:

Sur La Table Class Action Settlement

_____

_____

You can't exclude yourself on the phone or by e-mail. If you ask to be excluded and were not delivered a merchandise certificate when you received notice of this Settlement, you cannot submit a Claim Form to receive a merchandise certificate, and you cannot object to the Settlement. If you ask to be excluded and were delivered a merchandise certificate when you received notice of this Settlement, you may still redeem the merchandise certificate, however, you cannot object to the Settlement. You will also not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Sur La Table in the future.

### 11. If I don't exclude myself, can I sue Sur La Table for the same thing later?

**No.** Unless you exclude yourself, you give up the right to sue Sur La Table for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Class to continue your own lawsuit if it is based on the conduct alleged in this case. Remember, the exclusion deadline is

_____.

### 12. If I exclude myself, can I submit a Claim Form to receive benefits from this Settlement?

**No.** If you exclude yourself, you cannot submit a Claim Form to receive benefits under the Settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Sur La Table. If you received a merchandise certificate when you received notice of this Settlement and decide to exclude yourself, you may still redeem the merchandise certificate for merchandise at a Sur La Table retail store for up to one (1) year.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in the case?

The Court has appointed the law firms of Stonebarger Law, APC, Patterson Law Group, APC and Hoffman & Lazear to represent you and the Class.  These lawyers are called Class Counsel. You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How will the lawyers be paid?

The attorneys who brought the cases on your behalf are requesting attorney's fees and costs in the amount of $425,000, which must be approved by the Court.  The Class Representatives will also seek compensation for their efforts in the amount of $4,000 each, which must be approved by the Court.  The Court may award less than these amounts.  Sur La Table will pay the fees and expenses that the Court awards, and Sur La Table has agreed not to oppose these requests for fees and expenses.  Sur La Table will also pay the costs to administer the Settlement.

Plaintiffs will file with the Court their Motion for Class Counsel Fees, Litigation Expenses, and Class Representative Payments by _____, which is 14 days prior to the deadline for Class Members to Object to the Settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 15. How do I tell the Court that I don't like the Settlement?

If you stay in the Class, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Georgino, et al. v. Sur La Table, Inc. and Consolidated Cases*, Case No. 2:11-CV-03522-MMM-JEM.  Be sure to include your name, address, telephone number, your signature, and the reasons you object to the Settlement.  Mail the objection to these three different places postmarked no later than _____:

| To the Court: | To Class Counsel: | To Defense Counsel: |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Central District of California<br>Western Division<br>255 East Temple Street<br>Los Angeles, CA 90012 | Gene J. Stonebarger<br>STONEBARGER LAW, APC<br>75 Iron Point Circle, Suite 145<br>Folsom, CA 95630 | Scott Jacobs<br>REED SMITH LLP<br>355 South Grand Avenue<br>Suite 2900<br>Los Angeles, CA 90071 |

## 16. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you cannot object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

## 17. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing on _____, at _____ __.m. at the United States District Court for the Central District of California, Western Division, Courtroom 780, 255 East Temple Street, Los Angeles, CA 90012 to consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be continued without further notice.

## 18. Do I have to come to the hearing?

**No.** Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send a written objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend.

## 19. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Georgino, et al. v. Sur La Table, Inc. and Consolidated Cases*, Case No. 2:11-CV-03522-MMM-JEM." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in Question 15. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

### 20.  What happens if I do nothing at all?

If you do nothing at all, you will remain in the Class and whether or not you receive a benefit from the Settlement depends on whether you received notice of the Settlement by mail or email. For any questions as to how to claim a benefit under the Settlement, see Question 7 above: "How can I participate in the Settlement?"

If you do not exclude yourself, did not receive notice of this Settlement by mail or email, and do not return a valid and completed Claim Form you will receive no benefit from the Settlement, and you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Sur La Table about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

### 21. Are there more details about the Settlement?

This notice summarizes the proposed Settlement.   More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Class Counsel listed under Question 15 above, or you can download a copy online by visiting www._____.com.

### 22. How do I get more information?

To ask questions about the Settlement, be able to sign up to be notified if the Settlement is approved, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment, you can contact Class Counsel listed under Question 15 above.

**Please do not contact the Clerk of the Court or the Judge with questions.**

Exhibit B to Exhibit 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA GEORGINO, an individual, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>   vs.<br><br>SUR LA TABLE, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>      Defendants. | Case No.: 2:11-CV-03522-MMM-JEM<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT** |
| AND CONSOLIDATED CASES | |

1    The Court has (1) reviewed and considered the terms and conditions of the

2    proposed Settlement as set forth in the Settlement Agreement ; (2) reviewed and

3    considered the application of Class Counsel for an award of attorneys' fees, costs,

4    expenses, and incentive awards; (3) held a Final Approval Hearing after being

5    satisfied that notice to the Class has been provided in accordance with the Court's

6    Order Granting Preliminary Approval to Proposed Class Settlement entered on

7    _____ (the "Preliminary Approval Order"); (4) taken into account the

8    presentations and other proceedings at the Final Approval Hearing; and (5) considered

9    the Settlement in the context of all prior proceedings had in this litigation.

10   Accordingly, the Court enters the following FINDINGS and CONCLUSIONS:

11        A.    The Court has subject-matter jurisdiction over this Action and all acts

12   within this Action, and over all the parties to this Action, including all members of the

13   Class.

14        B.    The Class conditionally certified in the Preliminary Approval Order has

15   been appropriately certified for settlement purposes.  Class Counsel and the Class

16   Representatives have fairly and adequately represented the Class for purposes of

17   entering into and implementing the Settlement.

18        C.    The notice to putative Class Members was comprised of individual

19   mailed and emailed notice to all Known Class Members and steps taken to provide

20   notice to unknown Class Members.  The Court finds that this notice (i) constituted the

21   best notice practicable under the circumstances, (ii) constituted notice that was

22   reasonably calculated, under the circumstances, to apprise the putative Class Members

23   of the pendency of the Action, and of their right to object and to appear at the Final

24   Approval Hearing or to exclude themselves from the Settlement, (iii) was reasonable

25   and constituted due, adequate, and sufficient notice to all persons entitled to be

26   provided with notice, and (iv) fully complied with due process principles and Federal

27   Rule of Civil  Procedure 23.

28   / / /

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT

1   D.   The Court has held a Final Approval Hearing to consider the fairness,

2   reasonableness, and adequacy of the Settlement and has been advised that there have

3   been no objections to the Settlement.

4   E.   The Settlement is the product of good faith, arm's-length negotiations

5   between the Class Representatives and Class Counsel, on the one hand, and Defendant

6   and its counsel, on the other hand.

7   F.   The Settlement, as provided for in the Settlement Agreement, is in all

8   respects fair, reasonable, adequate, and proper, and in the best interest of the Class.  In

9   reaching this conclusion, the Court considered a number of factors, including:  [1] the

10  strength of Plaintiffs' case; [2] the risk, expense, complexity, and likely duration of

11  further litigation; [3] the risk of maintaining class action status throughout the trial; [4]

12  the amount offered in settlement; [5] the extent of discovery completed, and the stage

13  of the proceedings; [6] the experience and views of counsel; [7] the presence of a

14  governmental participant; and [8] the reaction of the class members to the proposed

15  settlement. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

16  G.   A list of those putative Class Members who have timely elected to opt

17  out of the Settlement and the Class, and who are therefore not bound by the

18  Settlement, the provisions of the Settlement Agreement, this Order and the final

19  Judgment to be entered by the Clerk of the Court hereon, has been submitted to the

20  Court in the Declaration of _____, filed in advance of the Final Approval

21  Hearing.  All Class Members (as permanently certified below) shall be subject to all

22  of the provisions of the Settlement, the Settlement Agreement, this Order, and final

23  Judgment to be entered by the Clerk of the Court.

24  On the basis of the foregoing findings and conclusions, as well as the

25  submissions and proceedings referred to above, NOW THEREFORE, IT IS HEREBY

26  ORDERED, ADJUDGED, AND DECREED:

27  / / /

28  / / /

2

## <u>Certification of Class and Approval of Settlement</u>

1.     The Settlement and the Settlement Agreement are hereby approved as fair, reasonable, adequate, and in the best interests of the Class, and the requirements of due process and Federal Rule of Civil Procedure 23 have been satisfied.  The parties are ordered and directed to comply with the terms and provisions of the Settlement Agreement.

2.     The Court having found that each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Class is permanently certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the following persons:

> All individuals who used a credit card issued for consumer credit purposes to purchase goods or services from one of Defendant's retail stores (either in person or over the phone) in the State of California during the period of time between February 16, 2010 through February 11, 2011, and whose personal identification information was requested and recorded by Defendant for any reason other than a special order, installation, or delivery.

The Class Members identified on the list submitted to the Court as having timely and properly elected to opt out from the Settlement and the Class are hereby excluded from the Class and shall not be entitled to any of the benefits afforded to the Class Members under the Settlement Agreement.  The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

3.     For purposes of Settlement only, the named Plaintiffs are certified as representatives of the Class and Class Counsel is appointed counsel to the Class.  The Court concludes that Class Counsel and the Class Representatives have fairly and

1  adequately represented the Class with respect to the Settlement and the Settlement

2  Agreement.

3       4.    Notwithstanding the certification of the foregoing Class and appointment

4  of the Class Representatives for purposes of effecting the Settlement, if this Order is

5  reversed on appeal or the Settlement Agreement is terminated or is not consummated

6  for any reason, the foregoing certification of the Class and appointment of the Class

7  Representatives shall be void and of no further effect, and the parties to the proposed

8  Settlement shall be returned to the status each occupied before entry of this Order

9  without prejudice to any legal argument that any of the parties to the Settlement

10  Agreement might have asserted but for the Settlement Agreement.

11  <u>**Release and Injunctions Against Released Claims**</u>

12       5.    Plaintiffs and Class Members shall and hereby do fully and irrevocably

13  release, waive, and discharge Defendant and each of its respective past, present and

14  future owners, stockholders, parent corporations, related or affiliated companies,

15  subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs,

16  representatives, accountants, attorneys, auditors, consultants, insurers and reinsurers,

17  and their respective successors and predecessors in interest, from any and all past,

18  present, and future liabilities, claims, causes of action (whether in contract, tort, or

19  otherwise, including statutory, common law, property, and equitable claims),

20  damages, costs, attorneys' fees, losses, or demands, whether known or unknown,

21  existing or potential, or suspected or unsuspected, which Plaintiffs and all

22  Participating Class Members have or may have arising out of or relating to any act,

23  omission, or other conduct alleged in the Action that has or could have been alleged or

24  otherwise referred to in the Action (the "Released Claims").

25       6.    With respect to the Released Claims, Plaintiffs and all Participating Class

26  Members shall be deemed to have, and by operation of the Final Judgment shall have,

27  expressly waived and relinquished, to the fullest extent permitted by law, the

28  provisions, rights and benefits of Section 1542 of the California Civil Code, or any

1  other similar provision under federal or state law that purports to limit the scope of the

2  general release.  Section 1542 provides:

3

4      A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW

5      OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN

6      BY HIM MUST HAVE MATERIALLY AFFECTED HIS

7      SETTLEMENT WITH THE DEBTOR.

8  **Applications for Attorneys' Fees, Costs, and Expenses and**

9  **Representative Plaintiff Incentive Award**

10      7.    The Court has reviewed the application for an award of fees, costs, and

11  expenses submitted by Class Counsel and the exhibits, memoranda of law, and other

12  materials submitted in support of that application.  The Court recognizes that

13  Defendant has not opposed the application for incentive awards of $4,000.00 each to

14  be paid by Defendant and an award of attorneys' fees and costs of $425,000.00 to be

15  paid by Defendant.  This agreement is in addition to the other relief to be provided to

16  Class Members under the Agreement.  On the basis of its review of the foregoing, the

17  Court finds that Class Counsel's request for attorneys' fees and expenses is fair,

18  reasonable, and appropriate and hereby awards fees and expenses to Class Counsel in

19  the aggregate amount of $425,000.00 and an incentive award to each of the three

20  named Plaintiffs in the amount of $4,000.00, to be paid by Defendant in accordance

21  with the terms of the Settlement Agreement.

22  **Other Provisions**

23      8.    Neither the Settlement Agreement nor any provision therein, nor any

24  negotiations, statements or proceedings in connection therewith shall be construed as,

25  or be deemed to be evidence  of, an admission or concession on the part of the

26  Plaintiffs, any Class Member, Defendant, or any other person of any liability or

27  wrongdoing by them, or that the claims and defenses that have been, or could have

28  been, asserted in the Action are or are not meritorious, and this Order, the Settlement

1  Agreement or any such communications shall not be offered or received in evidence

2  in any action or proceeding, or be used in any way as an admission or concession or

3  evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Class

4  Member, or any other person has suffered any damage; *provided, however,* that the

5  Settlement Agreement, this Order, and the final Judgment to be entered thereon may

6  be filed in any action by Defendant or Class Members seeking to enforce the

7  Settlement Agreement or the final Judgment by injunctive or other relief, or to assert

8  defenses including, but not limited to, *res judicata*, collateral estoppel, release, good

9  faith settlement, or any theory of claim preclusion or issue preclusion or similar

10  defense or counterclaim.  The Settlement Agreement's terms shall be forever binding

11  on, and shall have *res judicata* and preclusive effect in, all pending and future actions

12  or other proceedings as to Released Claims and other prohibitions set forth in this

13  Order that are maintained by, or on behalf of, the Class Members or any other person

14  subject to the provisions of this Order.

15       9.    In the event that the Settlement Agreement does not become effective or

16  is canceled or terminated in accordance with the terms and provisions of the

17  Settlement Agreement, then this Order and the final Judgment shall be rendered null

18  and void and be vacated and all orders entered in connection therewith by this Court

19  shall be rendered null and void.

20  **Dismissal; Continuing Jurisdiction**

21       10.    The Action and the claims alleged therein are hereby ordered dismissed

22  with prejudice.

23       11.    Without in any way affecting the finality of this Order and the final

24  Judgment, this Court hereby retains jurisdiction as to all matters relating to the

25  interpretation, administration, and consummation of the Settlement Agreement.

26  **IT IS SO ORDERED.**

27  Dated: _____

28                           _____
   UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT

Exhibit C to Exhibit 1

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| AMANDA GEORGINO, an individual, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>SUR LA TABLE, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:11-CV-03522-MMM-JEM<br><br>**CLASS ACTION**<br><br>**[PROPOSED] JUDGMENT** |
| AND CONSOLIDATED CASES | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WHEREAS**, on _____, the Court granted preliminary approval to the Parties' Settlement Agreement;

**WHEREAS**, on _____, the Court granted final approval to the Parties' Settlement Agreement, finding that the settlement is fair, reasonable and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and applicable law; and

**WHEREAS**, the Settlement Class Members have released the Released Claims (as defined in the Settlement Agreement) against Defendant, as set forth in the

Settlement Agreement and the Court's Order Granting Final Approval To Class Action Settlement ("Final Approval Order"); and

**WHEREAS**, the Final Approval Order dismissed with prejudice all of the claims alleged against Defendant in this consolidated action.

**NOW, THEREFORE**, the Court hereby enters judgment in this case, pursuant to Federal Rule of Procedure 58.

**IT IS SO ORDERED.**

Dated: _____          _____

UNITED STATES DISTRICT JUDGE

2

[PROPOSED] JUDGMENT

Exhibit D to Exhibit 1

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| AMANDA GEORGINO, an individual, on behalf of herself and all others similarly situated, | Case No.: 2:11-CV-03522-MMM-JEM |
| Plaintiff, | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| vs. | Date:   December 17, 2012 |
| SUR LA TABLE, INC., a Washington corporation; and DOES 1 through 50, inclusive, | Time:  10:00 a.m. Judge: Hon. Margaret M.  Morrow |
| Defendants. | |
| AND CONSOLIDATED CASES | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

0

On December 17, 2012, this Court heard the unopposed motion for preliminary approval of class action settlement under Rule 23(e) of the Federal Rules of Civil Procedure filed by Plaintiffs Amanda Georgino, Nancy Dardarian, and Linda Petersen ("Plaintiffs").  This Court reviewed the motion, including the Settlement Agreement and Release ("Agreement").  Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1.      Unless otherwise specified, defined terms in this Order have the same definition as the terms in the Agreement.

2.      The Agreement is fair, reasonable, and adequate;

3.      The long form Class Notice, Summary In-Store Notice, Summary Postcard Class Notice, and Claim Form (all attached to the Agreement) comply with due process because the notices and form are reasonably calculated to adequately apprise Class Members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement;

4.      The Class (defined below) is so numerous that joinder of all Class Members is impracticable;

5.      Plaintiffs' claims are typical of the Class' claims;

6.      There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and

7.      Class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

1.      **Settlement Approval.**  The Agreement, including the long form Class Notice, Summary In-Store Notice, Summary Postcard Class Notice, and Claim Form, attached to the Agreement as Exhibits A, E through G are preliminarily approved.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

2. **Provision of Class Notice.**  Defendant Sur La Table, Inc. ("Sur La Table" or "Defendant") will notify Class Members of the settlement in the manner specified under Section III(E)(2) of the Agreement.  Defendant will pay all costs associated with claims administration and providing notice to Class Members.  No later than seven (7) calendar days before the filing date of Plaintiff's application or motion in support of the Final Approval Order and Judgment, Defendant is to provide Plaintiffs with a declaration or declarations confirming that the notice has been provided in accordance with paragraph 3.3 of the Agreement.

3. **Claims Administrator.**  Heffler Claims Administration is appointed as the Claims Administrator.

4. **Claim for Merchandise Certificate.**  Class Members who do not receive email or mail notice as provided in Section III(2)(a) of the Agreement and want to receive a Merchandise Certificate under the Agreement must accurately and completely fill out a Claim Form and submit it to the Claims Administrator by U.S. mail within ninety (90) calendar days from the date of this Order. The date of the postmark on the return envelope shall be the exclusive means used to determine whether a Class Member has "timely" returned the Claim Form by the Claim Deadline.  Class Members who receive email or mail notice as provided in Section III(2)(a) of the Agreement are not required to make a claim to receive a Merchandise Certificate under the Agreement.

5. **Objection to Settlement.**  Class Members who have not submitted a timely written exclusion request pursuant to paragraph 7 below and who want to object to the Agreement must file a written objection and/or a Notice of Intention to Appear with the Court, and serve copies on Class Counsel and Defendant's Counsel no later than ninety (90) calendar days after the date of this Order.  The Objection must state:  (a) the name of the Action, *Georgino, et al. v. Sur La Table, Inc.*, C.D. Cal. Case No. 2:11-CV-03522-MMM-JEM"; (b) the full name, address, and telephone number of the person objecting, (c) a statement that the person is a Class

Member; (d) the words "Notice of Objection" or "Formal Objection"; (e) in clear

and concise terms, the legal and factual arguments supporting the objection; and

(f) whether the person intends to appear to speak at the Fairness Hearing.  If the

objection is presented through an attorney, the written objection must also include:

(a) the identity and number of Class Members represented by objector's counsel;

(b) the number of such represented Class Members who have opted out of the

Settlement; and (c) the number of such represented Class Members who have

remained in the Settlement and have not objected.  Objecting Class Members must

also make themselves available for deposition by Class Counsel and/or Sur La

Table's Counsel between the time the objection is filed and the date of the Fairness

Hearing, and the objection must include the date when the objecting Class Member

will so present for deposition. The objection will not be valid if it only objects to

the lawsuit's appropriateness or merits.  Any Class Member who files and serves a

written objection, as described in this Paragraph, may appear at the Fairness

Hearing, either in person or through personal counsel hired at the Class Member's

expense, to object to the fairness, reasonableness, or adequacy of the Settlement

Agreement or the proposed Settlement, or to the award of Attorneys' Fees.  Class

Members, or their attorneys, intending to make an appearance at the Fairness

Hearing, must deliver to Class Counsel and Defendants' Counsel, and file with the

Court, no later than ninety (90) calendar days after the date of this Order, a Notice

of Intention to Appear.  The Notice of Intention to Appear must: (a) state how much

time the Class Member and/or their attorney anticipates needing to present the

objection; (b) identify, by name, address, telephone number and detailed summary

of testimony, all witnesses the Class Member and/or their attorney intends to

present any testimony from; and (c) identify all exhibits the Class Member and/or

their attorney intends to offer in support of the objection and attach complete copies

of all such exhibits.  Class Members who fail to make objections in this manner will

be deemed to have waived any objections and will be foreclosed from making any

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

objections (whether by a subsequent objection, intervention, appeal, or any other process) to the Agreement.  Only Class Members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing.

6. **Failure to Object to Settlement.**  Class Members who fail to object to the Agreement in the manner specified above will: (a) be deemed to have waived their right to object to the Agreement; (b) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Agreement; and (c) not be entitled to speak at the Fairness Hearing.

7. **Requesting Exclusion.**  Class Members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action, "*Georgino, et al. v. Sur La Table, Inc.*, N.D. Cal. Consolidated Case No. 2:11-CV-03522-MMM-JEM"; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that the person is a Class Member and wishes to be excluded from the Class, postmarked no later than ninety (90) calendar days after the date of this order.  Defendant is to provide Plaintiffs with a list of Class Members who have timely and validly excluded themselves from the Class no later than fourteen (14) days after the deadline for submission of Elections Not to Participate in Settlement.

8. **Provisional Certification.**  The Class is provisionally certified as a class of all individuals who used a credit card issued for consumer credit purposes to purchase goods or services from one of Defendant's retail stores (either in person or over the phone) in the State of California during the period of time between February 16, 2010 through February 11, 2011, and whose personal identification information was requested and recorded by Defendant for any reason other than a special order, installation, or delivery.

9. **Appointment of Class Representatives and Class Counsel.**  Plaintiffs are conditionally certified as the Class Representatives to implement the Parties' settlement in accordance with the Agreement.  Stonebarger Law, APC,

4

1  Patterson Law Group, APC, and Hoffman & Lazear are appointed as Class

2  Counsel.  Plaintiffs and Class Counsel must fairly and adequately protect the

3  Class's interests.

4       10.    **Termination**.  If the Agreement terminates for any reason, the

5  following will occur:  (a) Class certification will be automatically vacated; (b)

6  Plaintiffs will revert to functioning as a putative class representative as if no class

7  had been certified; and (c) this Action will revert to its previous status in all

8  respects as it existed immediately before the Parties executed the Agreement.  This

9  Order will not waive or otherwise impact the Parties' rights or arguments.

10       11.    **No Admissions.**  Nothing in this Order is, or may be construed as, an

11  admission or concession on any point of fact or law by or against any Party.

12       12.    **Stay of Dates and Deadlines**.  All discovery and pretrial proceedings

13  and deadlines are stayed and suspended until further notice from the Court, except

14  for such actions as are necessary to implement the Agreement and this Order.

15       13.    **Fairness Hearing**.  On April 22, 2013, at 10:00 a.m., this Court will

16  hold a Fairness Hearing to determine whether the Agreement should be finally

17  approved as fair, reasonable, and adequate.  Class Counsel's attorneys' fee

18  application must be filed fourteen (14) calendar days before the deadline for Class

19  Members to object to the settlement.  All papers supporting Final Approval of the

20  Agreement must be filed no later than seven (7) calendar days before the Fairness

21  Hearing.  This Court may order the Fairness Hearing to be postponed, adjourned, or

22  continued.  If that occurs, Defendant will not be required to provide additional

23  notice to Class Members.

24

25  DATED:_____          _____

26                                     UNITED STATES DISTRICT JUDGE

27

28

Exhibit E to Exhibit 1

## NOTICE OF CLASS ACTION SETTLEMENT

### You are receiving this Notice because Sur La Table has identified you as a Class Member in the action entitled Georgino, et al. v. Sur La Table, Inc. and Consolidated Cases, Case No. 2:11-CV-03522-MMM-JEM.

As part of the proposed settlement, you are receiving a thirteen dollar ($13.00) Sur La Table merchandise certificate, which is enclosed with this Notice. **If you are receiving this Notice, then you do not need to submit a claim form and your merchandise certificate is redeemable immediately for new merchandise purchases at any Sur La Table retail store for up to one (1) year.**

You can obtain the full notice of the proposed settlement and additional information from the Settlement Administrator's website at www._____.com or by requesting this information from the Settlement Administrator by mail:

Sur La Table Class Action Settlement Administrator
[Settlement Administrator]
[Mailing Address]
[City], [State] [Zip Code]

To request to be excluded from the settlement or to object to the proposed settlement you must act on or before_____. **If you do not request to be excluded from the settlement before _____, you will be deemed to have released Sur La Table from all claims described in the full notice.**

To: XXXXXXXXXXXXXXXXX

From: XXXXXXXXXXXXXXXX

Re: LEGAL NOTICE OF CLASS ACTION SETTLEMENT

NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED SETTLEMENT

GEORGINO, ET AL. V. SUR LA TABLE, INC. AND CONSOLIDATED CASES

*You are receiving this email because Sur La Table has identified you as a Class Member in the action entitled Georgino, et al. v. Sur La Table, Inc. and Consolidated Cases, Case No. 2:11-CV-03522-MMM-JEM.*

As part of the proposed settlement, you are receiving a thirteen dollar ($13.00) Sur La Table merchandise certificate (below).  **If you are receiving this email, then you do not need to submit a claim form and your merchandise certificate is redeemable immediately for new merchandise purchases at any Sur La Table retail store for up to one (1) year.**

You can obtain the full notice of the proposed settlement and additional information from the Settlement Administrator's website by clicking <u>HERE</u> or by requesting this information from the Settlement Administrator by mail:

Sur La Table Class Action Settlement Administrator
[Settlement Administrator]
[Mailing Address]
[City], [State] [Zip Code]

To request to be excluded from the settlement or to object to the proposed settlement you must act on or before_____.  **If you do not request to be excluded from the settlement before _____, you will be deemed to have released Sur La Table from all claims described in the full notice.**

[PRINTABLE IMAGE OF MERCHANDISE CERTIFICATE]

Exhibit F to Exhibit 1

## *NOTICE OF CLASS ACTION SETTLEMENT*

**IF BETWEEN THE DATES OF FEBRUARY 16, 2010 AND FEBRUARY 11, 2011, YOU USED A CREDIT CARD TO PURCHASE GOODS FROM A SUR LA TABLE STORE IN CALIFORNIA, AND YOUR PERSONAL IDENTIFICATION INFORMATION (ADDRESS, ZIP CODE, AND/OR PHONE NUMBER) WAS REQUESTED AND RECORDED BY SUR LA TABLE FOR ANY REASON OTHER THAN A SPECIAL ORDER, INSTALLATION OR DELIVERY, YOU MIGHT BE A CLASS MEMBER IN A LAWSUIT ENTITLED *GEORGINO, ET AL. V. SUR LA TABLE, INC. AND CONSOLIDATED CASES*, CASE NO. 2:11-CV-03522-MMM-JEM PENDING IN UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA. A PROPOSED SETTLEMENT OF THIS CLASS ACTION HAS BEEN REACHED.  IF YOU ARE A CLASS MEMBER, THE PROPOSED SETTLEMENT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

As part of the proposed settlement, Sur La Table will distribute a thirteen dollar ($13.00) merchandise certificate to Class Members for whom Sur La Table has a mailing address or email address.  Additionally, Class Members may submit a claim form to receive a thirteen dollar ($13.00) merchandise certificate.  Each Class Member is entitled to only one merchandise certificate.

You can obtain the full notice of the proposed settlement and a claim form from the Settlement Administrator's website at www._____.com or by requesting this information from the Settlement Administrator by mail:

Sur La Table Class Action Settlement Administrator
[Settlement Administrator]
[Mailing Address]
[City], [State] [Zip Code]

You must act on or before_____, to file a claim to receive a merchandise certificate.  You must act on or before_____, to request to be excluded from the settlement or to object to the proposed settlement.  **If you do not request to be excluded from the settlement before _____, you will be deemed to have released Sur La Table from all claims described in the full notice.**

Exhibit G to Exhibit 1

# CLAIM FORM

## *Georgino, et al. v. Sur La Table, Inc. and Consolidated Cases*
### *Case No. 2:11-CV-03522-MMM-JEM*

## (Please Print or Type)

**Instructions:  Please fill out the following form completely and submit it to:**

Sur La Table Class Action Settlement Administrator
[Settlement Administrator]

_____

_____

To be eligible to receive a merchandise certificate, this form must be postmarked by
_____.

| | |
|---|---|
| Name: | |
| Address: _____<br>(street) | |
| _____<br>(city, state, ZIP) | |
| Email: | |

I hereby certify that I made at least one (1) purchase at a Sur La Table California retail store between February 16, 2010 and February 11, 2011 using a credit card, and that in conjunction with this purchase, Sur La Table requested and recorded my personal identification information (address, ZIP code, and/or phone number), and the request was not related to a special order, installation or delivery.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____      Signed: _____

**CLAIMS MUST BE POSTMARKED NO LATER THAN _____**