JS-6

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| AMANDA GEORGINO, an individual, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SUR LA TABLE, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:11-CV-03522-MMM-JEM<br><br>**CLASS ACTION**<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT** |
|---|---|
| AND CONSOLIDATED CASES | |

The Court has (1) reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement ; (2) reviewed and considered the application of Class Counsel for an award of attorneys' fees, costs, expenses, and incentive awards; (3) held a Final Approval Hearing after being satisfied that notice to the Class has been provided in accordance with the Court's Order Granting Preliminary Approval to Proposed Class Settlement entered on December 11, 2012 (the "Preliminary Approval Order"); (4) taken into account the presentations and other proceedings at the Final Approval Hearing; and (5) considered the Settlement in the context of all prior proceedings had in this litigation. Accordingly, the Court enters the following FINDINGS and CONCLUSIONS:

A.    The Court has subject-matter jurisdiction over this Action and all acts within this Action, and over all the parties to this Action, including all members of the Class.

B.    The Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes.  Class Counsel and the Class Representatives have fairly and adequately represented the Class for purposes of entering into and implementing the Settlement.

C.    The notice to putative Class Members was comprised of individual mailed and emailed notice to all Known Class Members and steps taken to provide notice to unknown Class Members.  The Court finds that this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Class Members of the pendency of the Action, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil  Procedure 23.

/ / /

1
[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT

D.   The Court has held a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement and has been advised that there have been no objections to the Settlement.

E.   The Settlement is the product of good faith, arm's-length negotiations between the Class Representatives and Class Counsel, on the one hand, and Defendant and its counsel, on the other hand.

F.   The Settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Class. In reaching this conclusion, the Court considered a number of factors, including: [1] the strength of Plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

G.   A list of those putative Class Members who have timely elected to opt out of the Settlement and the Class, and who are therefore not bound by the Settlement, the provisions of the Settlement Agreement, this Order and the final Judgment to be entered by the Clerk of the Court hereon, has been submitted to the Court in the Declaration of Michael E. Hamer, filed in advance of the Final Approval Hearing. All Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, the Settlement Agreement, this Order, and final Judgment to be entered by the Clerk of the Court.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

/ / /

/ / /

**Certification of Class and Approval of Settlement**

1. The Settlement and the Settlement Agreement are hereby approved as fair, reasonable, adequate, and in the best interests of the Class, and the requirements of due process and Federal Rule of Civil Procedure 23 have been satisfied.  The parties are ordered and directed to comply with the terms and provisions of the Settlement Agreement.

2. The Court having found that each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Class is permanently certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the following persons:

> All individuals who used a credit card issued for consumer credit purposes to purchase goods or services from one of Defendant's retail stores (either in person or over the phone) in the State of California during the period of time between February 16, 2010 through February 11, 2011, and whose personal identification information was requested and recorded by Defendant for any reason other than a special order, installation, or delivery.

The Class Members identified in the exhibits attached to the Declaration of Michael E. Hamer submitted to the Court as having timely and properly elected to opt out from the Settlement and the Class are hereby excluded from the Class and shall not be entitled to any of the benefits afforded to the Class Members under the Settlement Agreement.  The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

3. For purposes of Settlement only, the named Plaintiffs are certified as representatives of the Class and Class Counsel is appointed counsel to the Class.  The

1  Court concludes that Class Counsel and the Class Representatives have fairly and
2  adequately represented the Class with respect to the Settlement and the Settlement
3  Agreement.
4      4.   Notwithstanding the certification of the foregoing Class and appointment
5  of the Class Representatives for purposes of effecting the Settlement, if this Order is
6  reversed on appeal or the Settlement Agreement is terminated or is not consummated
7  for any reason, the foregoing certification of the Class and appointment of the Class
8  Representatives shall be void and of no further effect, and the parties to the proposed
9  Settlement shall be returned to the status each occupied before entry of this Order
10 without prejudice to any legal argument that any of the parties to the Settlement
11 Agreement might have asserted but for the Settlement Agreement.

## **Release and Injunctions Against Released Claims**

13     5.   Plaintiffs and Class Members shall and hereby do fully and irrevocably
14 release, waive, and discharge Defendant and each of its respective past, present and
15 future owners, stockholders, parent corporations, related or affiliated companies,
16 subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs,
17 representatives, accountants, attorneys, auditors, consultants, insurers and reinsurers,
18 and their respective successors and predecessors in interest, from any and all past,
19 present, and future liabilities, claims, causes of action (whether in contract, tort, or
20 otherwise, including statutory, common law, property, and equitable claims),
21 damages, costs, attorneys' fees, losses, or demands, whether known or unknown,
22 existing or potential, or suspected or unsuspected, which Plaintiffs and all
23 Participating Class Members have or may have arising out of or relating to any act,
24 omission, or other conduct alleged in the Action that has or could have been alleged or
25 otherwise referred to in the Action (the "Released Claims").
26     6.   With respect to the Released Claims, Plaintiffs and all Participating Class
27 Members shall be deemed to have, and by operation of the Final Judgment shall have,
28 expressly waived and relinquished, to the fullest extent permitted by law, the

provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of the general release.  Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

### Applications for Attorneys' Fees, Costs, and Expenses and Representative Plaintiff Incentive Award

7.     The Court has reviewed the application for an award of fees, costs, and expenses submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted in support of that application.  After review, the Court finds that Class Counsel shall be awarded $378,773.50 in fees and $13,071.82 in costs; the Court also awards the Class Representatives $12,000 in incentive awards, to be divided equally among them.

### Other Provisions

8.     Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of the Plaintiffs, any Class Member, Defendant, or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and this Order, the Settlement Agreement or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement Agreement, this Order, and the final Judgment to be entered thereon may

be filed in any action by Defendant or Class Members seeking to enforce the Settlement Agreement or the final Judgment by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future actions or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Class Members or any other person subject to the provisions of this Order.

9. In the event that the Settlement Agreement does not become effective or is canceled or terminated in accordance with the terms and provisions of the Settlement Agreement, then this Order and the final Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

### Dismissal; Continuing Jurisdiction

10. The Action and the claims alleged therein are hereby ordered dismissed with prejudice.

11. Without in any way affecting the finality of this Order and the final Judgment, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, and consummation of the Settlement Agreement.

/ / /

**IT IS SO ORDERED.**

Dated: May 9, 2013

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE